## MISSOURI HEALTH FACILITIES REVIEW COMMITTEE, Petitioner-Respondent,

v.

## ADMINISTRATIVE HEARING COMMISSION OF MISSOURI and Charter Medical Corporation, Defendants-Appellants.

No. 67108.

Supreme Court of Missouri, En Banc.

Nov. 21, 1985.

---

Jerry W. Venters, Jefferson City, James L. Robinett, Jr., Springfield, and Glen A. Reed, Atlanta, Ga., for defendants-appellants.

John Ashcroft, Atty. Gen., and Louren R. Wood, Asst. Atty. Gen., Jefferson City, for petitioner-respondent.

Danny Gene Sands, Ilus W. Davis, Charles F. Myers and Foster C. Collins, Kansas City, for amici curiae N. Kansas City Mem. Hosp.

John C. Hannegan, Tracy Mathis, St. Charles, for amicus curiae St. Anthony's Med. Center.

James F. Gunn, Jane E. Adams, St. Louis, for amicus curiae St. Joseph Hospital of Kirkwood.

Lem T. Jones, Jr., S. Ruth Lehr, M. Angela Lasagna, Kansas City, for amicus curiae Platte County Med. Center, Inc.

BLACKMAR, Judge.

For the first time we have before us the merits of a case arising under the Missouri Certificate of Need Law, §§ 197.300–197.-365, RSMo 1984 Supp., enacted in L.1979, H.B. 222. This law is designed to correlate to applicable federal legislation,[1] so as to make Missouri institutions eligible for certain federal benefits. The supervening purpose of the legislation is to inhibit the construction and expansion of unneeded or duplicative health care facilities. Implicit is the recognition that these facilities receive substantial payments from the public treasury. The case involves public agencies, and we will often use their initials for convenience and brevity.

The appellant, Charter Medical Corporation, sought a certificate of need for a 65-bed psychiatric hospital in Springfield by filing, on September 28, 1982, an application with the State Health Planning and

---

1. National Health Planning and Resources Development Act of 1974, Pub.L. No. 93–641, 88 Stat. 2225 (codified as amended at 42 U.S.C. §§ 300k–300t).

Development Agency (SHPDA) which serves as the staff of respondent, Missouri Health Facilities Review Committee (MHFRC). MHFRC, on November 9, 1982, exercised its privilege of extending its time for consideration of the application from 90 to 120 days. § 197.330.1(5). On December 3, 1982 SHPDA issued a memorandum setting out certain findings and recommending denial of the application. A public hearing was held December 16, 1982, at MHFRC's regular monthly meeting, following which a majority of the members present voted to deny the application. The committee did not specifically vote on or adopt any findings of fact or conclusions of law. The staff of SHPDA prepared a letter incorporating the prior findings of the staff, expressing the conclusion that there was no need for the proposed facility, and stating that the application was denied. The signature of the chairman of MHFRC was affixed by hand stamp, and the letter was mailed on December 23, 1982.

On January 14, 1983, Charter filed its appeal, denominated a "complaint," to the Administrative Hearing Commission (AHC). The complaint stated that the decision of MHFRC was arbitrary and capricious and not supported by competent and substantial evidence. It also alleged that the purported decision was so procedurally defective as to amount to no decision at all, with the consequence that Charter was entitled to the certificate by reason of MHFRC's "failure ... to issue a written decision ... within the time required." § 197.330.2. AHC sustained this contention without hearing disputed evidence or reaching a conclusion on the merits of the case,[2] and directed the issuance of a certificate of need to Charter as requested.

MHFRC then appealed to the Circuit Court of Greene County, which reversed the decision of AHC and remanded the case to it for determination of the issue of need. Charter appealed to the Court of Appeals, Southern District, which affirmed. We granted transfer because of the importance of the issues, and likewise affirm. We

make substantial use of the research and phraseology of Judge Maus's opinion for the Southern District.

### 1. Standing of MHFRC to Appeal

■ Charter argues that MHFRC lacks standing to appeal a decision of AHC to the circuit court, asserting that MHFRC is a subordinate administrative agency which is not legally aggrieved by a reversing decision of a higher administrative tribunal. If the claim had merit it would end our inquiry, but we reject it.

Charter places its primary reliance on Kostman v. Pine Lawn Bank and Trust Company, 540 S.W.2d 72 (Mo. banc 1976). There the Commissioner of Finance denied the application of a bank for permission to relocate its primary facility, but his decision was reversed by the State Banking Board. The commissioner then sought judicial review of the board's decision. We held that the decision of the board represented a determination at the highest administrative level and that the Commissioner of Finance, as a subordinate administrative official, was not legally "aggrieved". Charter argues that the MHFRC is likewise the subordinate of the Administrative Hearing Commission, so that it is not legally aggrieved when its decision is overturned.

The analogy is not apt. The State Banking Board was a specialized agency with the ultimate authority to set policy concerning financial institutions. AHC, by contrast, is an administrative tribunal of generalized authority existing to provide sound hearing procedures in administrative matters. MHFRC is a policy-making agency in the field of health care and it has an interest in vindicating and upholding its official acts and procedures. Cf. Goldberg v. State Tax Commission, 618 S.W.2d 635 (Mo. 1981) (Director of Revenue, who was responsible for collecting all monies due the state, could appeal from decision of State Tax Commission which was not the superior of the Director of Revenue); Shelley v. Missouri Commission for Blind, 309 Mo.

---

2. AHC sustained a motion for summary judg-  ment on the basis of stipulated facts.

612, 274 S.W. 688, 691 (banc 1925) (Commissioners for the Blind were parties to circuit court review of their action and could appeal the decision of the circuit court); *Cunningham v. Leimkuehler,* 276 S.W.2d 633 (Mo.App.1955) (City of St. Louis Board of Adjustment found to be an aggrieved party with the right to appeal a circuit court decision). MHFRC has standing to resist a challenge to its decision-making processes.

Appeal by MHFRC to the circuit court, furthermore, is authorized by the specific language of § 621.145, RSMo Supp.1984, which reads as follows:

> Except as otherwise provided by law, all final decisions of the administrative hearing commission shall be subject to judicial review as provided in and subject to the provisions of sections 536.100 to 536.140, RSMo, except that in cases where a disciplinary order may be entered by the agency, no decision of the administrative hearing commission shall be deemed final until such order is entered. For purposes of review, the action of the commission and the order, if any, of the agency shall be treated as one decision. *The right to judicial review as provided herein shall also be available to administrative agencies aggrieved by a final decision of the administrative hearing commission.* (Emphasis supplied).

The failure to mention MHFRC as a party having standing to appeal in § 197.335 is of no significance. That statute lists specifically the parties who have standing to appeal from decisions of MHFRC, which obviously would not undertake an appeal from its own decision.[3] Section 621.145 is one of the statutory sections explicitly referred to in and incorporated into § 197.-

335. It confirms MHFRC's standing in the present appeal.

■ We notice also the presence of appellate jurisdiction over the appeal from the judgment of the circuit court, as against the suggestion that the judgment of the circuit court is not "final" because it directs further action by AHC. The judgment essentially granted a new trial before AHC. Judicial review from decisions of the Administrative Hearing Commission may be taken "as in other civil cases." § 536.140.6, RSMo. An order granting a new trial is expressly made appealable by § 512.020, RSMo 1978.

## 2. *The Correctness of the Decision of the Administrative Hearing Commission*

We agree with the circuit court that AHC fell into error in holding that MHFRC's purported decision was so lacking in compliance with statutory requirements as to amount to no decision at all.

Charter's argument is as ingenious as it is unprecedented. The committee issued a purported decision in writing. Charter was advised in writing that its application had been denied. Yet it seeks to convert the alleged deficiencies into an absence of notice, sufficient to convert the ostensible denial into an automatic approval for failure to act within the time delimited by § 197.330.1(5).

The facts stipulated before AHC show that Charter's application was expressly denied, by majority vote, on December 16, 1982. It may be fairly inferred that the committee members had the SHPDA staff report before them, that MHFRC approved the substance of that report, and that it implicitly authorized the transmittal of the conclusions in the report to the applicant along with its decision. This procedure

---

**3.** In *Kostman,* it was noted that, since the Commissioner of Finance would not appeal his own decision, he would have no administrative remedies and would, thus, not be able to meet the requirement of § 536.100, RSMo that all administrative remedies be exhausted. Such a situation does not exist in the present case because of the specific right to review granted MHFRC

by § 621.145, RSMo. Additionally, that language in *Kostman* was merely dictum which appears inconsistent with later case law. This Court has subsequently found that administrative remedies can be "exhausted" if no administrative remedy exists. *Goldberg v. State Tax Commission,* 618 S.W.2d at 638.

well might constitute substantial compliance with the statutory requirements. Charter makes much of the rubber stamp signature of the chairman and of his statement that he did not expressly authorize the use of this stamp, but the written communication accurately reflected the decision of the committee and a signature is not expressly required by the statute. It cannot be successfully argued that MHFRC did not reach and communicate a decision within the time allowed.

■ Charter goes on to argue however, that the communications are totally inadequate to constitute "findings of fact" and "conclusions of law" as required by § 197.-330.1(5), and that the decision is therefore a nullity. It rejects the normal procedure of remand to the agency for further findings, and takes a quantum leap by observing that the time for action by MHFRC is past, and asserting that the remedy for the perceived inadequacy is a decree of automatic approval pursuant to § 197.330.2.[4] We reject the suggestion. The policy of the law would not be well served by a holding that an applicant could acquire the right to build a possibly unneeded facility, simply because MHFRC issued a decision but blundered in the formalities.[5]

■ Charter has an adequate remedy by appealing the denial of its application to AHC for full evidentiary hearing pursuant to § 197.335 and the procedural provisions there incorporated. This appeal is the sole recourse available to an applicant whose application is timely denied by MHFRC. Inasmuch as Charter had taken proper steps to perfect an appeal, the circuit court acted properly in remanding the case to AHC for a full hearing as provided by statute.

Because the briefs of the parties and amici indicate some uncertainty about further proceedings we deem instructions appropriate, while resisting the temptation to comment on hypothetical problems raised by the parties and amici which need not be resolved in the context of this case.

■ The respondent MHFRC argues that AHC acted beyond its constitutional and statutory authority in finding the committee's decision so defective under the statutory standards as to constitute a nullity. It places reliance on *State Tax Commission v. Administrative Hearing Commission*, 641 S.W.2d 69 (Mo. banc 1982), which holds that AHC cannot exercise powers within the exclusive province of the judiciary. We need not answer the question as put, or comment on the authority of AHC to decide legal questions necessary to the resolution of cases before it. AHC's holding was manifestly erroneous, for the reasons just discussed, and this conclusion of error is fully adequate to support the judgment of the circuit court. It is appropriate to observe, nevertheless, that AHC has no authority to superintend the operation of MHFRC, or to determine what procedures it should follow. It is limited to reviewing its decisions in accordance with the governing statutes.

■ A reviewing tribunal, if of the opinion the findings and conclusions of a subordinate tribunal are inadequate, might appropriately remand the case for further findings. Such a remand to MHFRC would be inappropriate in this case. It is the sense of the statute that MHFRC is to do its work on an accelerated schedule. A "hearing" before the committee is required only if requested. The hearing at that level, furthermore, is an abbreviated procedure with no provision for summoning witnesses or for cross-examination, and severe

---

**4.** Appellant cites *St. John v. City of North Kansas City*, 690 S.W.2d 419 (Mo.App.1985) and *Webb v. Board of Police Commissioners of Kansas City*, 694 S.W.2d 927 (Mo.App.1985), recent cases in which the Court of Appeals found inadequacy in the findings and conclusions of an administrative agency. The remedy in each case was a remand to the agency for further findings.

**5.** We do not have to decide, and do not decide, whether MHFRC's findings sufficiently complied with the statute or MHFRC's own regulations. The findings related only to "need" and omit other matters set out in the regulations, 13 CSR 60–4.010(2), but the committee might well have considered that the matter of need was sufficient to support the decision.

time constraints. Only committee members are permitted to ask questions. No formal transcript is available. This hearing is of a kind often afforded by legislative bodies, but it is neither judicial nor quasi-judicial. AHC, by contrast, affords a full and complete evidentiary hearing, which should now proceed.

There is no support, statutory or otherwise, for the proposition that AHC functions in this instance solely as an appellate tribunal having the duty of reviewing the record before MHFRC to determine whether its decision is supportable. Any such use of AHC has no precedent elsewhere in the statutes and would raise serious problems under *State Tax Commission v. Administrative Hearing Commission, supra.* AHC is obliged to proceed in accordance with its governing statutes, which provide only for a full evidentiary hearing.[6] The burden of persuasion, as always, is on the party who asserts error in the decision appealed from.

We need not determine, in the context of this record, who, if anyone, might appeal from the "approval of and final administrative action on" an application by reason of "failure by the committee to issue a written decision ... within the time required by this section, ..." or speculate as to the tribunal to which such an appeal might be taken under the provisions of § 197.330.2. We find no failure of decision within the time delimited.

The judgment of the circuit court is affirmed and the case is remanded to the Administrative Hearing Commission for further proceedings not inconsistent with this opinion.

HIGGINS, C.J., BILLINGS, WELLIVER and RENDLEN, JJ., and SNYDER and FINCH, Special Judges, concur.

DONNELLY and ROBERTSON, JJ., not sitting.

---

**6.** We do not question AHC's authority to grant summary judgment on the analogy of Civil Rule 74.04, if persuaded that there are no genuine issues of fact.