HEALTH SERVICES MANAGEMENT, INC., Respondent,

v.

MISSOURI HEALTH FACILITIES REVIEW COMMITTEE, Appellant,

and

Community Care Center of Festus, et al., Intervenor–Appellant,

and

STATE ex rel. MISSOURI HEALTH CARE ASSOCIATION, Appellant,

and

Barnes Hospital, Intervenor–Respondent,

v.

MISSOURI HEALTH FACILITIES REVIEW COMMITTEE, Appellant.

Nos. WD 41872, WD 41873.

Missouri Court of Appeals, Western District.

April 10, 1990.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 29, 1990.

Application to Transfer Denied July 31, 1990.

Harvey M. Tettlebaum, Jefferson City, for Community Care Center of Festus and Missouri Health Care Ass'n.

Simon Bolivar Buckner, IV, Asst. Atty. Gen., Kansas City, for Missouri Health Facilities Review Committee.

Daniel Robert Sokol, St. Louis, for Barnes Hosp. and Health Services Management.

Before MANFORD, P.J., and SHANGLER and CLARK, JJ.

SHANGLER, Judge.

This review is of a summary judgment entered by the same court in each of two separate actions for declaratory judgment on the same question of law. In each case the circuit court entered the summary declaration that the petitioner was entitled to a certificate of need for a new health care facility under § 197.330.2, RSMo Cum. Supp.1989 by operation of law.

Appeal was taken from each entry of summary judgment and they are consolidated by our order. The declaratory judgment action in each case is a sequel to an antecedent decision of this court, and is more easily understood in terms of that succession. We defer the delineation of the parties, their postures in the litigations, and the ultimate issues for our decision until after that preface.

## INTRODUCTION

*West County Care Center, Inc. v. Missouri Health Facilities Review Committee,* 773 S.W.2d 474 (Mo.App.1989) involved an application by Health Services Management Corporation to the Missouri Health Facilities Review Committee under § 197.315 for a certificate of need for a new intermediate health facility. The law prescribes that the Review Committee act to approve or deny such an application within 130 days of its presentation. § 197.330.1(5). The neglect to issue decision within that period constitutes approval and final administrative action on the certificate of need. § 197.330.2. Notwithstanding, the Review Committee deferred decision until after the passage of the 130 days.

After the expiration of that period, West County Care Center, Inc., a competitor fa-

cility—and so an *affected person* by the definition of the statute—brought prohibition to restrain the Review Committee from any further administrative action on the application for certificate of need. The opinion determined that under the certificate of need law a competitor *affected person* is a stranger to all but the information gathering phase of the certificate of need law, and so had no interest sufficient to prohibit the agency from postponing the decision on the certificate of need of another applicant. *Id.* at 476. That opinion, a decision of our court en banc, overruled the prior decision of a panel of our court in *State ex rel. Missouri Health Care Ass'n. v. Missouri Health Facilities Review Committee,* 768 S.W.2d 559 (Mo.App.1988), which held that the status of competitor *affected person* sufficed to invest standing for a writ of prohibition to restrain the agency from decision on the certificate of need more than 130 days after application.

The two summary judgments under review are adjuncts of those decisions.

*Health Services Management, Inc. v. Missouri Health Facilities Review Committee and Community Care Center of Festus,* No. WD 41872, is an action for declaratory judgment by Health Services Management, the same applicant for certificate of need in the same project considered by us in *West County,* that the neglect of the Review Committee to enter a decision within 130 days after presentation of the application operated by law as approval of the certificate of need under § 197.330.2. The appeal to us from the summary judgment in favor of Health Services Management is taken by Festus, an intervenor/competitor *affected person.* [The Review Committee now also appeals after grant by our special order. Rule 81.07]

*Missouri Health Care Ass'n* and *Barnes Hosp. vs. Missouri Health Facilities Review Comm.,* No. WD 41873,[1] is an action for declaratory judgment by Barnes Hospital, intervenor/applicant in the *Missouri Health Care Ass'n* case, that the neglect of the Review Committee to enter a deci-

sion within 130 days after presentation of the application operated by law as approval of the certificate of need under § 197.330.2. The appeal to us from the summary judgment in favor of Barnes Hospital is taken by Missouri Health Care Ass'n, an intervenor/competitor *affected person.* [The Review Committee also appeals after grant of our special order. Rule 81.07]

## ISSUES ON APPEAL

In case No. WD 41872, the applicant Health Services Management seeks to dismiss the appeal of intervenor/competitor affected person Festus. In case No. WD 41873, the applicant Barnes Hospital seeks to dismiss the appeal of intervenor/competitor affected persons Missouri Health Care Association. The motions assert that a competitor affected person lacks interest in the agency action to defer decision on the application for certificate of need beyond the time allowed by law, that such an affected person is not aggrieved by a judgment that the certificate vested to an applicant by operation of law, and hence is without standing to litigate or appeal the question. The grounds of the motion are reasserted as a point on appeal, both in case No. WD 41872 and in case No. WD 41873.

In each of the cases also, the Review Committee, as appellant under Rule 81.07, claims trial error in the entry of summary judgment that the certificate of need application of Health Services Management Corporation and of Barnes Hospital was approved by operation of law under § 197.330.2.

## DISCUSSION

In *West County* [at 476] our court en banc determined that a competitor affected person is a stranger to all but the information gathering phase of the certificate of need proceedings. Accordingly, such an affected person was adjudicated as without standing to test the jurisdiction of the Review Committee to postpone decision on the application for a certificate of need beyond

---

**1.** The two appeals are by our order consolidated for review under caption and number     WD 41872.

the statutory review schedule of § 197.330. None of the interests protected to a competitor affected person by the certificate of need law are at issue in this litigation. *See* § 197.330.1(2), (3), (5), (6), and *West County* at 475. Nor does the adjudication that the postponed agency decision operated by law to approve the certificate of need to each applicant create an interest in a competitor that lacked theretofore, and hence, an aggrievement for appeal. It is emphatic, rather, that the right to appeal the question of approval by operation of law is withheld from a competitor affected person. § 197.330.2; *West County* at 476; *Missouri Health Care Ass'n v. Missouri Health Facilities Review Comm.,* 777 S.W.2d 241, 242[1] (Mo.App.1989).

On oral argument in these consolidated appeals Festus and Missouri Health Care Ass'n asserted that, the holding in *West County* that denies them standing as to all but the information gathering phase of the licensure procedure notwithstanding, they are interested as taxpayers to protect against unlawful expenditures of public funds, and so have standing to appeal the summary judgments that the certificates to the applicants Health Service Management and Barnes were approved by operation of law.

■ Indeed, a taxpayer who alleges that public funds are expended for an illegal purpose describes a private injury sufficient to maintain a declaratory judgment and injunction against the illegal action. *Missourians for Separation of Church and State v. Robertson,* 592 S.W.2d 825, 837[10,11] (Mo.App.1979). The private injury that invests standing to a taxpayer, however, is not a purely personal grievance in which other taxpayers have no interest, but an injury shared by the public. The standing to a taxpayer to sue is not to enable a private redress, but to benefit the public. *Id.* at 839[13–15]; *Hawkins v. City of St. Joseph,* 281 S.W. 420, 421[3–5] (banc 1926).

■ The competitors affected persons, Festus and Missouri Health Care Ass'n, intervened in the respective proceedings for declaratory judgment. The pleadings

allege taxpayer status, but none that the proceedings involved the expenditure of public funds for an illicit purpose. The tenor of the participation of affected persons Festus and Missouri Health Care Ass'n, moreover, was as competitors seeking to avoid competition, and not as vindicators of a larger public interest. More conclusively, neither Festus nor Missouri Health Care Ass'n preserved nor briefed the assertion of standing by taxpayer status as a point of error on this appeal, and so may not be heard on that ground. Rule 84.13.

The appeal of competitor affected person Community Care Center of Festus in case No. WD 41872 is dismissed. The appeal of competitor affected person Missouri Health Care Association in case No. WD 41873 is dismissed.

■ There remains the point asserted by the Review Committee that the summary judgment entered in favor of each applicant, Health Services Management and Barnes Hospital, was erroneous. The ground of summary judgment was that the neglect by the Review Committee to enter a decision within 130 days of application operated by law as approval of the certificate of need under § 197.330.2. That section provides also that the question of approval by operation of law is subject to appeal under § 197.335. That section grants the right of appeal to an applicant for certificate of need and to the health systems agency,[2] all "in accordance with the provisions of sections 621.015 to 621.-198, RSMo and chapter 536, RSMo...." Thus, § 197.335 incorporates § 621.145. *Missouri Health Facilities Review Comm. v. Administrative Hearing Comm'n.,* 700 S.W.2d 445, 449 (Mo. banc 1985). Those incorporated sections appertain to both administrative review and judicial review. Section 621.145, among them, confirms the standing of the Review Committee to judicial review of the final decision of the Administrative Hearing Commission.

**2.** The health systems agency has since become defunct. *See West County,* 773 S.W.2d at 476,

n. 2.

The appeals here, of course, are from final summary judgments by the circuit court outside the administrative process, but, nevertheless, against administrative action. In both cases, the adjudication overturns the official action of a policy-making agency, and in both cases it is an aggrievement that such an agency is entitled to vindicate by judicial review. *Id.* at 448–49. Therefore, although the integral scheme of §§ 197.330.2, 197.335, and § 621.145 does not provide for administrative review by the Review Committee of its own decision, it does recognize the aggrievement to the Review Committee by the reversal of its official action by a superior administrative tribunal, and allows the right of judicial review for its redress.[3]

On this appeal, the Review Committee argues that the right § 197.330.1(5)[4] confers for timely review and decision by that agency is one of procedure and, therefore, subject to waiver by the applicant. The argument goes: "[i]f the applicant wants a decision within the review cycle, the Review Committee must render a decision within the review cycle." It is not only a right of procedure, but also a "benefit", however, that may be relinquished—and was relinquished—by each of the applicants. That argument refers to the "Petition of Deferral of MHFRC Action," subscribed by each of the applicants, and by each, a petition to the Review Committee to defer decision to a specified date that

would make compliance with the 130 day schedule impossible. The petitions recite that "in consideration of the MHFRC [Review Committee] decision to defer, applicant waives any right that may accrue from that inaction under § 197.330.2."

■ There would be color to that argument if § 197.330.1(5) were the only determinant of the duty of the Review Committee to come to a decision. Section 197.330.-2, however, makes it clear that the duty to decide within 130 days of application is not only peremptory, but consequential:

*Failure by the [review] committee to issue a written decision on an application for a certificate of need within the time required by this section shall constitute approval of and final administrative action on the application ...* [emphasis added].

The lapse of 130 days without decision on the application not only operates by law to approve the certificate of need, but *concludes the matter as an administrative proceeding.* West County, 773 S.W.2d at 480[8].

It is not helpful to the understanding of the purpose of the certificate of need law to posit analysis of the review committee decision schedule in terms of a "right of procedure" or "benefit" accorded to an applicant, and so given to the applicant to enlarge by consent. As a creature of statute, an administrative agency exercises

---

3. There is no contention by either applicant, Health Services Management or Barnes Hospital, that the Review Committee lacks standing to appeal from the summary judgments entered by the circuit court in the cases under review. We interstice this discussion only to explain the basis for our special order to allow the agency, Review Committee, to appeal out of time under Rule 81.07. The applicants did resist the motion of the Review Committee for our special order, but on the ground that there was no showing by the party that the delay to appeal was not due to culpable negligence.

It is to be noted that at the time the summary judgments were entered, the decision of a panel of this court in *Missouri Health Care Ass'n* that a competitor affected person had standing to contest a decision of the Review Committee still prevailed. It was not until more than six months later and after the time to appeal expired, that *West County* overruled *Missouri Health Care Ass'n.* In that interim, and before

the initiative for our special order to appeal, the Review Committee, by its "briefs", aligned its interest with those of the intervenors/competitor affected persons, Missouri Health Care Association and Barnes Hospital, now dismissed as appellants. To deny the Review Committee our order to appeal because of a delay engendered by our own opinions would not only be unjust to the Review Committee, but also leave the quasi-public question before us without position.

4. The [Review] Committee shall:

Within one hundred days of the filing of any application for a certificate of need, issue in writing its findings of fact, conclusions of law, and its approval or denial of the certificate of need; provided, that the committee may grant an extension of not more than thirty days on its own initiative or upon the written request of any affected person

only that authority invested by the legislative enactment. *Sheets v. Labor & Industrial Relations Comm'n.*, 622 S.W.2d 391, 393[1, 2] (Mo.App.1981). Section 197.330.-1(5) prescribes that the decision of the review committee shall issue within 130 days of the application. That direction is jurisdictional. *PIA Psychiatric Hospitals, Inc. v. Missouri Health Facilities Review Comm.*, 729 S.W.2d 491, 493 (Mo.App. 1987). It may not be enlarged by agency regulation or by consent. *Id.* That provision forecloses further action absolutely after the passage of 130 days. The cases cited by the Review Committee in its exposition are not to the point.

The premise that the review schedule is simply a procedure for the benefit of the applicant, moreover, slights the public purpose of the certificate of need enactment. It is a response to the urgent need for health care facilities by an accelerated process of license review.

> It is the sense of the statute that MHFRC [Review Committee] is to do its work on an accelerated schedule. A "hearing" before the committee is required only if requested. The hearing at that level, furthermore, is an abbreviated procedure with no provision for summoning witnesses or for cross-examination, and severe time constraints. Only committee members are permitted to ask questions. No formal transcript is available.

*Missouri Health Facilities Review Comm. v. Administrative Hearing Comm'n. of Missouri*, 700 S.W.2d at 450[7, 8].

It is a procedure designed to facilitate the assessment of need and, as written, is weighted in favor of need. The approval that § 197.330.2 imports to an application as a consequence of official inaction for 130 days is a concomitant of that official inaction for 130 days is a concomitant of that legislative policy.

The appeal of competitor affected person Community Care of Festus in case No. WD 41872 is dismissed. The appeal of competitor affected person Missouri Health Care Association in case No. WD 41873 is dismissed.

The summary judgment in favor of Health Services Management, Inc. in case No. WD 41872 is affirmed. The summary judgment in favor of Barnes Hospital in case No. WD 41873 is affirmed.

All concur.