**STATE ex rel. INTEGRATED
HEALTH SERVICES**

**and**

**Gravois Health Care Center,
Inc., Appellants,**

**v.**

**MISSOURI HEALTH FACILITIES
REVIEW COMMITTEE**

**and**

**Vencor, Inc., Respondents.**

**No. WD 44176.**

Missouri Court of Appeals,
Western District.

Aug. 27, 1991.

Richard D. Watters, Lashly & Baer, P.C., St. Louis, for appellants.

William L. Webster, Atty. Gen., Simon B. Buckner, Asst. Atty. Gen., Jefferson City, for respondent Missouri Health Facilities Review Committee.

Allen D. Allred, John C. Hannegan, James W. Erwin, Tracy L. Mathis, Thompson & Mitchell, St. Louis, for respondent Vencor, Inc.

Before KENNEDY, P.J., and FENNER and BRECKENRIDGE, JJ.

BRECKENRIDGE, Judge.

Integrated Health Services, Inc. and Gravois Health Care Center, Inc., ("Appellants") appeal from the trial court's order dismissing their Petition for Certiorari, Declaratory Judgment, Injunction and Administrative Review, which sought judicial review of a decision by the Missouri Health Facilities Review Committee. The petition alleged Respondent Missouri Health Facilities Review Committee ("Review Committee") denied Appellants their rights under § 197.300, *et. seq.*, RSMo.1986 and pertinent sections of the Missouri Certificate of Need Law as amended, RSMo.Supp.1990, when reviewing Respondent Vencor, Inc.'s ("Vencor") application for a Certificate of Need. Judgment affirmed.

In reviewing the trial court's dismissal of a petition based solely on the pleadings, this court must determine if the averments of the petition entitle plaintiff to relief as a matter of law, when accepting all facts alleged as true and construing all allegations in favor of the plaintiff. *Lowrey v. Horvath*, 689 S.W.2d 625, 626 (Mo. banc 1985); *Martee v. City of Kennett*, 784 S.W.2d 621, 622–23 (Mo.App.1990).

Vencor made application to the Review Committee for a Certificate of Need for a health care facility that provides long term care for ventilator patients. Such application is required before a new health service institution may be developed. The purpose of the Certificate of Need is to reduce unnecessary duplication of health care facilities and to reduce the cost of health care. *Comm. Care Ctrs. v. Health Fac. Rev. Com.*, 735 S.W.2d 13, 14 (Mo.App. 1987).

Appellants provide, among other services, long term care for ventilator dependent patients. Although noting that the petition does not allege any facts establishing that Appellants are within the relevant "health service area", the Review Committee and Vencor acquiesce that Appellants are "affected persons" with respect to Vencor's application for a Certificate of Need as defined in § 197.305(1) RSMo.1986. Appellants were notified of the date, time and location of an August 29, 1990, meeting of the Review Committee at which Vencor's application for a Certificate of Need was reviewed. At the August 29, 1990 meeting, Appellants appeared and made a presentation in opposition to Vencor's application. The Review Committee then denied the application because of a 4–4 tie vote.

Thereafter, the representatives of Appellants and Vencor were dismissed by the Review Committee. After finishing other Review Committee business, the Review Committee voted to reconsider Vencor's application, at which time the Review Committee voted in favor of a motion to approve Vencor's application.

In their Petition, Appellants argue that the actions of the Review Committee in taking the second vote on August 29, 1990 denied them their right to notice, right to request a hearing, right to be heard and right to receive the Review Committee's written findings and conclusions, which is in contravention of § 197.330.1(2), (3), (6), RSMo.Supp.1990.[1]

---

1. Section 197.330, RSMo.Supp.1990 effective June 15, 1987, reads:

   **197.330 Duties of review committee.**
   1. The committee shall:
   (1) Notify the applicant within fifteen days of the date of filing of an application as to the completeness of such application;

   (2) Provide written notification to affected persons and contiguous health systems agencies located within this state at the beginning of a review. This notification may be given through publication of the review schedule in all newspapers of general circulation in the area to be served;

Appellant's Petition was filed in the circuit court on September 28, 1990. Vencor filed a motion to dismiss all counts of the petition contending that Appellants lacked standing to proceed with the action because Appellants are not an aggrieved party pursuant to § 536.100, RSMo.1986.[2] The Review Committee also filed a motion to dismiss, asserting that the circuit court lacked subject matter jurisdiction. The circuit court granted both motions and this timely appeal followed.

■■■ Section 197.335 RSMo.Supp.1990 limits judicial review of the Review Committee's actions to an appeal by an unsuccessful applicant, first to the Administrative Hearing Commission, and then to the circuit court. *See Mo. Health Fac. v. Administrative Hearing Comm'n,* 700 S.W.2d 445, 449 (Mo. banc 1985) (Review Committee as well as the unsuccessful applicant may seek judicial review of the Administrative Hearing Commission's decision.). The appellate courts have consistently held that competitor "affected persons" do not possess standing to seek judicial review of the Review Committee's decision to approve or disallow a Certificate of Need. *Health Serv. Mgt. v. Health Fac. Review,* 791 S.W.2d 732, 735 (Mo.App.1990);

*West Cty. Care Ctr. v. Review Committee,* 773 S.W.2d 474, 476 (Mo.App.1989).

■ "Affected persons" have an interest in a Review Committee decision only during the information gathering phase of the proceedings. *Health Serv. Mgt.,* 791 S.W.2d at 735; *West Cty. Care Ctr.,* 773 S.W.2d at 475–76; *Mo. Health Care v. Health Fac. Rev. Com.,* 777 S.W.2d 241, 243 (Mo.App.1989) (Association of competitors lacked standing to seek judicial review of exemption from Certificate of Need requirement.). Specifically, an "affected person" must be given notice of a review for a Certificate of Need by a proposed new facility in the service area, § 197.330.1(2), RSMo.Supp.1990; the right to present their views at a public hearing, § 197.330.1(3), RSMo.Supp.1990; and the right to receive the decision entered upon the application if a prior written request has been made, § 197.330.1(6), RSMo.Supp.1990.

■ Here, Appellants do not claim there was a lack of notice of the application for a Certificate of Need, nor that they were denied the opportunity to present their views on August 29, 1990. Rather, appellants claim, that since there was a second vote on the occasion reversing the Review Committee's initial decision, they should be

---

(3) Hold public hearings on all applications when a request in writing is filed by any affected person within thirty days from the date of publication of the notification of review;

(4) Consider recommendations submitted by the appropriate health systems agency, provided such recommendations are documented and based on published criteria, plans and standards adopted by the health systems agency;

(5) Within one hundred days of the filing of any application for a certificate of need, issue in writing its finding of fact, conclusions of law, and its approval or denial of the certificate of need; provided, that the committee may grant an extension of not more than thirty days on its own initiative or upon the written request of any affected person;

(6) Cause to be served upon the applicant, the respective health system agency, and any affected person who has filed his prior request in writing, a copy of the aforesaid findings, conclusions and decisions;

(7) Consider the needs and circumstances of institutions providing training programs for health personnel;

(8) Provide for the availability, based on demonstrated need, of both medical and osteopathic facilities and services to protect the freedom of patient choice; and

(9) Establish by regulation procedures to review, or grant a waiver from review, nonsubstantive projects.

The term "filed" or "filing" as used in this section shall mean delivery to the staff of the health facilities review committee the document or documents the applicant believes constitute an application.

2. Failure by the committee to issue a written decision on an application for a certificate of need within the time required by this section shall constitute approval of and final administrative action on the application, and is subject to appeal under section 197.335 only on the question of approval by operation of law.

**2.** Section 536.100 provides, in pertinent part: "Any person who has exhausted all administrative remedies provided by law and who is aggrieved by a final decision in a contested case ... shall be entitled to judicial review thereof...."

entitled to either reinstatement of the initial decision of the Review Committee or a remand of the matter back to the Review Committee with an order requiring it to give Appellants notice plus the right to be heard again. Appellants have already availed themselves as "affected persons" to any and all interest they have in these proceedings; that is, full participation in the information gathering phase of the Certificate of Need application process. Neither the applicable statutory provisions nor the decisions interpreting them indicate that an "affected person" has any standing to seek judicial review of alleged procedural irregularities in the decision making phase of the proceedings. Further, the petition does not allege that Appellants, pursuant to § 197.330.1(6), RSMo.Supp. 1990, filed prior requests in writing to be informed of the decision of the Review Committee and therefore, they cannot now be heard to complain.

Appellants were given every opportunity afforded to them by statute to participate in the information gathering phase of the Certificate of Need application proceeding. Appellants have no standing to seek judicial review in regards to the manner in which the Review Committee acts upon the application once the information gathering phase of the proceeding is closed.

The judgment is affirmed.

All concur.