JOHN T. FINLEY, INC., d/b/a Rest
Haven Convalescent and Retirement
Home, Appellant,

v.

MISSOURI HEALTH FACILITIES
REVIEW COMMITTEE, et al.,
Respondents.

No. WD 50048.

Missouri Court of Appeals,
Western District.

May 9, 1995.

Motion for Rehearing and/or Transfer to
Supreme Court Denied June 27, 1995.

Application to Transfer Denied
Sept. 19, 1995.

Before HANNA, P.J., and BERREY and SPINDEN, JJ.

*ORDER*

Roy F. Walters, Kansas City, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., William J. Bryan, Asst. Atty. Gen., Jefferson City, for respondent Mo. Health Facilities Review Committee.

Mark T. Kempton, Sedalia, for respondent Sylvia G. Thompson Residential Ctr., Inc. et al.

Before FENNER, C.J., P.J., and BRECKENRIDGE and HANNA, JJ.

FENNER, Chief Judge.

Appellant, John T. Finley, Inc. d/b/a Rest Haven Convalescent and Retirement Home (Rest Haven), appeals from the circuit court's order dismissing its petition against respondents Missouri Health Facilities Review Committee (the Review Committee), and Sylvia G. Thompson Residence Center, Inc. (Thompson Residence Center).

Rest Haven operates a convalescent and retirement home in Sedalia, Missouri. Thompson Residence Center operates a nursing home which is also in Sedalia. The Review Committee is the state agency charged with enforcing and implementing the state's certificate of need process. Before a new institutional health service can be offered in the State of Missouri, the offering entity must first obtain a certificate of need from the Review Committee. Section 197.315, RSMo 1994.

In June of 1993, the Thompson Residence Center purchased a thirty-one bed intermediate care facility (ICF) known as Hawthorne House, along with the Hawthorne House ICF license. Shortly after the purchase, the Thompson Residence Center filed an application with the Review Committee seeking a certificate of need to replace the thirty-one Hawthorne House ICF beds with thirty-one skilled nursing facility beds. The Review Committee considered the application, determined there was a need to replace the Hawthorne House beds as requested and issued a certificate of need to the Thompson Residence Center as requested. It is significant herein that the thirty-one skilled nursing facility beds would be eligible for Medicaid reimbursement.

Rest Haven then initiated the underlying action challenging the legality of the Review Committee's action. Respondents each filed a Motion To Dismiss alleging that Rest Haven lacked standing to sue and therefore Rest Haven had failed to state a claim upon which relief could be granted. The trial court granted the respondents' Motions to Dismiss and this appeal follows.

Rest Haven argues on appeal that it has standing as a taxpayer to challenge the Review Committee's grant of a certificate of

need to the Thompson Residence Center. Rest Haven argues that as a taxpayer it contributes to public funds used to support the activities of the Review Committee and further contributes to public funds used to support the Medicaid program in which Thompson Residence Center will be eligible to participate.

## TAXPAYER STANDING

■ Absent fraud or other compelling circumstances, in order to have standing as a taxpayer the taxpayer must be able to demonstrate that the transaction at issue effects a direct expenditure of funds generated through taxation or an increased tax levy, or a pecuniary loss attributable to the challenged transaction. *Eastern Missouri Laborers Dist. Council v. St. Louis County*, 781 S.W.2d 43 (Mo. banc 1989). However, the standing to a taxpayer to sue is not to enable a private redress, but to benefit the public. *Health Servs. Management, Inc. v. Missouri Health Facilities Review Comm.*, 791 S.W.2d 732 (Mo.App.1990) (citations omitted). The private injury that invests standing to a taxpayer is not a purely personal grievance in which other taxpayers have no interests, but an injury shared by the public at large. *Id.*

■ Rest Haven complains first that public funds were expended in processing the application of Thompson Residence Center before the Review Committee. This is not the type of expenditure of public funds that confers taxpayer standing. The only expenses of the Review Committee represented to be a factor of consideration are general operating expenses which the Committee incurs regardless of the decision made in this particular case. The Review Committee's action herein did not impact the direct expenditure of public funds of the nature sufficient to establish taxpayer standing.

■ Rest Haven argues further that it has taxpayer standing because the Review Committee's approval of the certificate of need allows Thompson Residence Center to apply for Medicaid reimbursement for the skilled nursing facility beds approved.

The Review Committee has no control over Medicaid claims that might be paid to Thompson Residence Center. First, Thompson Residence Center will have to apply for Medicaid certification, provide covered services, and then collect for the services. The Review Committee does not control whether Medicaid payments will be made; that decision is made by the Department of Social Services, Division of Medical Services.

Furthermore, Rest Haven does not represent that any Medicaid funds that would potentially be paid Thompson Residence Center will only be expended because of the Review Committee's action in approving the certificate of need. People who are Medicaid eligible and require long term care will receive Medicaid assistance whether they are receiving care from Thompson Residence Center or some other facility such as Rest Haven. Regardless of where these individuals receive care, Medicaid will still provide reimbursement.

The record reflects that Rest Haven's complaint is merely a personal grievance, not a complaint of injury shared by the public at large. The allegations of Rest Haven's petition do not represent that the issuance of the certificate of need to Thompson Residence Center is a detriment to the public.

The judgment of the trial court finding that Rest Haven lacked taxpayer standing and dismissing its petition is affirmed.

All concur.