**COMMUNITY CARE CENTER OF LEMAY and The Missouri Health Care Association, Appellants,**

v.

**MISSOURI HEALTH FACILITIES REVIEW COMMITTEE and Tenet Healthcare DI, LLC, Respondents.**

### No. WD 60805.

Missouri Court of Appeals, Western District.

Nov. 5, 2002.

Motion for Rehearing and/or Transfer to Supreme Court Dec. 24, 2002.

Application for Transfer Denied Jan. 28, 2003.

Jon E. Beetem, Jefferson City, MO, for Appellants.

Jeremiah W. (Jay) Nixon, Atty. Gen., Daryl Hylton, Assistant Attorney General, Jefferson City, MO, for Respondent Missouri Health Facilities Review Committee.

Richard D. Watters and Carolyn M. Kopsky, St. Louis, MO, for Respondent Tenet DI, LLC.

Before BRECKENRIDGE, P.J., and HOWARD and HOLLIGER, JJ.

VICTOR C. HOWARD, Judge.

Community Care Center of Lemay and The Missouri Health Care Association appeal from the trial court's dismissal of their petition for declaratory judgment, which sought a declaration that the certificate of need issued by the Missouri Health Facilities Review Committee ("MHFRC") to Tenet Healthcare DI, LLC ("Tenet") for the replacement of beds at a nursing care facility was null and void. In their sole point on appeal, Appellants contend that the trial court erred in dismissing their petition for lack of standing because they, as taxpayers, alleged expenditures of public funds for illegal purposes and pecuniary loss of public funds.

We affirm.

### Facts

The Missouri Health Facilities Review Committee is the Missouri agency designated to review applications for certificates of need authorizing the construction of a replacement nursing home for an existing home in the State of Missouri.

On December 5, 2000, pursuant to § 197.318.10,[1] Tenet applied for a certificate of need to replace an existing skilled nursing facility located at 3545 Lafayette, St. Louis, Missouri, with a new skilled nursing facility to be located at 2507 Lemay Ferry Road, St. Louis, Missouri. On April 2, 2001, the MHFRC approved Tenet's certificate of need application.

On May 2, 2001, Community Care Center of Lemay and The Missouri Health Care Association filed a petition for declaratory judgment against Missouri Health Facilities Review Committee and Tenet Healthcare DI, LLC, requesting a declaration that the certificate of need issued by MHFRC to Tenet for the replacement of beds at a nursing care facility was null and

---

1. All statutory references are to RSMo 2000.

void. Appellants contended that Tenet did not meet the requirements of § 197.318.10 for a replacement certificate of need. Appellants brought their action as taxpayers. They alleged that the approval of the certificate of need had created and would create pecuniary expense of public funds to the State of Missouri by requiring 1) expenses for the review of the new facility by the Division of Aging prior to and after any licensure or certification; and 2) expenses for the operations of the facility to be covered by Missouri Medicaid which would not be incurred but for this facility and/or are increased by the construction, licensure and subsequent operation of the facility.

The Missouri Health Care Association stated in its petition that it is a Missouri corporation, a Missouri taxpayer, and the trade association of nursing homes in Missouri which are Missouri taxpayers, with the organizational purpose of advancing the interests of Missouri nursing facilities. Community Care Center of Lemay stated that it is a Missouri corporation in good standing and a Missouri taxpayer.

On August 1, 2001, Tenet filed a motion to dismiss alleging that Appellants lacked taxpayer standing to challenge MHFRC's decision on the certificate of need. On August 9, 2001, MHFRC filed its motion to dismiss on the same grounds.

The trial court granted Respondents' motions and dismissed Appellants' cause of action for lack of standing. This appeal follows.

## Standard of Review

■ In reviewing the trial court's dismissal of Appellants' cause of action for lack of standing, we assume all of Appellants' averments in their petition are true and grant all reasonable inferences drawn from those averments. *Siefert v. Leonhardt,* 975 S.W.2d 489, 492 (Mo.App. E.D.

1998). "[B]ecause the trial court's dismissal is based upon the record the parties have submitted to us and the applicable law, our review of the trial court's judgment is de novo." *Id.*

## Argument

■ In their sole point on appeal, Appellants claim the trial court erred in dismissing their cause of action for lack of standing because taxpayers who allege expenditures of public funds for illegal purposes and pecuniary loss of public funds may properly invoke taxpayer standing even if existing case law would preclude standing. Appellants argue that existing law under *John T. Finley, Inc. v. Missouri Health Facilities Review Committee,* 904 S.W.2d 1 (Mo.App. W.D.1995), and *Mid–America Georgian Gardens, Inc. v. Missouri Health Facilities Review Committee,* 908 S.W.2d 715 (Mo.App. W.D.1995), is based upon an assumption which is factually flawed in that Appellants alleged and made an offer of proof of certain facts which contradict the assumptions of *Finley* and *Mid–America* to the effect that additional nursing home beds authorized in the State of Missouri would have an impact on Medicaid expenditures and thusly upon State revenues and that the issuance of a certificate of need is the rate limiting step for new nursing home construction.

■ "A taxpayer has standing to challenge an alleged illegal expenditure of public funds, absent fraud or compelling circumstances, if the taxpayer can show either a direct expenditure of funds generated through taxation, an increased levy in taxes, or a pecuniary loss attributable to the challenged action of the municipality." *Ste. Genevieve Sch. Dist. R–II v. Bd. of Aldermen of City of Ste. Genevieve,* 66 S.W.3d 6, 10 (Mo. banc 2002). "The private injury that invests standing to a taxpayer ... is not a purely personal griev-

ance in which other taxpayers have no interest, but an injury shared by the public. The standing to a taxpayer to sue is not to enable a private redress, but to benefit the public." *Health Servs. Mgmt., Inc. v. Mo. Health Facilities Review Comm.,* 791 S.W.2d 732, 735 (Mo.App. W.D.1990).

Appellants concede that the new facility would be a competitor to Community Care Center of Lemay and that the general conversion of hospital beds to nursing home beds would be competition to the members of The Missouri Health Care Association. However, Appellants contend, a competitor who is also a taxpayer should have its standing determined by the standards for taxpayer standing and not simply be denied standing because it is also a competitor.

In *John T. Finley, Inc. v. Missouri Health Facilities Review Committee,* 904 S.W.2d at 2, John T. Finley, Inc. d/b/a Rest Haven Convalescent and Retirement Home brought suit against Sylvia G. Thompson Residence Center, a nursing home, and MHFRC challenging the legality of MHFRC's issuance of a certificate of need to Thompson Residence Center to replace intermediate care facility beds with an equal number of skilled nursing facility beds. The defendants filed motions to dismiss alleging that Rest Haven lacked standing to sue and therefore failed to state a claim upon which relief could be granted. *Finley,* 904 S.W.2d at 2. The trial court granted defendants' motions to dismiss and Rest Haven appealed, arguing that it had standing as a taxpayer to challenge MHFRC's grant of the certificate of need because it "contributes to public funds used to support the activities of [MHFRC] and further contributes to public funds used to support the Medicaid program in which Thompson Residence Center will be eligible to participate." *Id.* at 2–3.

Concerning Rest Haven's argument that it contributed public funds used to support the activities of MHFRC, the court stated that the only expenses Rest Haven alleged were involved were general operating expenses, which MHFRC incurs regardless of the decision made in a particular case. *Id.* at 3. The court held that "[t]his is not the type of expenditure of public funds that confers taxpayer standing," and that MHFRC's action "did not impact the direct expenditure of public funds of the nature sufficient to establish taxpayer standing." *Id.*

The court also rejected Rest Haven's argument that it had taxpayer standing because MHFRC's approval of the certificate of need allowed Thompson Residence Center to apply for Medicaid reimbursement for the skilled nursing facility beds approved. *Id.* The court rejected Rest Haven's argument for two reasons. The first reason was that MHFRC had no control over Medicaid claims that might be paid to Thompson Residence Center. *Id.* Rather, Thompson Residence Center would have to apply for Medicaid certification, provide covered services, and then collect for the services. *Id.* The decision whether Medicaid payments would be made is made by the Department of Social Services, Division of Medical Services. *Id.* The second reason was that Rest Haven did not represent that any Medicaid funds that would potentially be paid to Thompson Residence Center would only be expended because of MHFRC's action in approving the certificate of need; that is, people who are Medicaid eligible and require long-term care would receive Medicaid assistance whether they receive care from Thompson Residence Center or some other facility, such as Rest Haven. *Id.*

In affirming the trial court's judgment dismissing Rest Haven's petition for lack of standing, the court concluded that Rest Haven's complaint was "merely a personal grievance, not a complaint of injury shared by the public at large." *Id.*

In *Mid–America Georgian Gardens, Inc. v. Missouri Health Facilities Review Committee*, 908 S.W.2d at 716, Mid–America Georgian Gardens, Inc. and Mid–America Georgian Garden Nursing, L.P. ("Mid–America") brought an action for declaratory and injunctive relief against MHFRC, Potosi Care Center, Inc. and Potosi Manor, Inc. ("Potosi"), alleging that MHFRC acted illegally in consenting to a site change for a certificate of need procured by Potosi to build a new skilled nursing facility. The trial court granted defendants' motions for summary judgment on the basis that plaintiffs lacked standing to bring their action. *Id.* On appeal, Mid–America asserted that it had taxpayer standing to challenge MHFRC's action because 1) there was a direct expenditure of state funds by MHFRC in the form of staff salaries and hearing costs utilized to perform the "illegal act" of consenting to the site change; and 2) public funds would be expended by the State of Missouri in paying Potosi for Medicaid residents they may serve as a result of being allowed to construct the facility at the new site. *Id.* at 718. The court affirmed the trial court's order granting summary judgment to MHFRC and Potosi, relying on *Finley* to determine that Mid–America did not have taxpayer standing. *Id.* at 717–19.

Appellants argue that *Finley* and *Mid–America* should be "re-examined" and/or distinguished because 1) while the Division of Medical Services controls Medicaid funding, MHFRC is the rate limiting step for new nursing home beds, as it serves as the "gatekeeper to the entire process"; and 2) the mere increase in the number of nursing home beds in Missouri affects the costs to the Medicaid program even if the proposed Tenet facility does not participate in the Medicaid program.

We find that the present case is not distinguishable in any relevant way from either *Finley* or *Mid–America*. We further find that Appellants have not provided a compelling reason why our holdings in *Finley* and *Mid–America* should be re-examined. Appellants cite no authority in support of their "gatekeeper" argument, and we find none. Likewise, Appellants cite no authority in support of their statement that the mere increase in the number of nursing home beds in Missouri affects the costs to the Medicaid program even if the proposed Tenet facility does not participate in the Medicaid program.

We conclude that *Finley* and *Mid–America* are controlling here, and Appellants have failed to demonstrate a direct expenditure of funds generated through taxation, an increased levy in taxes, or a pecuniary loss attributable to MHFRC's approval of Tenet's certificate of need. Therefore, we hold that the trial court did not err in dismissing Appellants' petition in this case.

The judgment of the trial court is affirmed.

BRECKENRIDGE, P.J., and HOLLIGER, J., concur.