MISSOURI HEALTH CARE ASSOCIA-
TION, Plaintiff–Appellant,

v.

MISSOURI HEALTH FACILITIES RE-
VIEW COMMITTEE, and Bethesda
Health Group of St. Louis, Inc., Defen-
dants–Respondents.

No. WD 40459.

Missouri Court of Appeals,
Western District.

Feb. 21, 1989.

Motion for Rehearing and/or Transfer to
Supreme Court Denied March 28, 1989.

Application for Transfer Sustained
May 16, 1989.

Case Retransferred Oct. 5, 1989.

Court of Appeals Opinion Readopted
Oct. 6, 1989.

Harvey M. Tettlebaum (argued), Duane
Benton, Jefferson City, for plaintiff-appel-
lant.

William L. Webster, Atty. Gen., Simon B.
Buckner, Asst. Atty. Gen. (argued), Kansas
City, for respondent MHFRC.

James C. Owen (argued), Brian E. Mc-
Govern, Chesterfield, for respondent
Bethesda.

Before COVINGTON, Special Judge,
P.J., NUGENT and GAITAN, JJ.

NUGENT, Judge.

Plaintiff Missouri Health Care Associa-
tion (Association) appeals from the trial
court's decision to dismiss its petition. In
the petition the Association asked the court
to review the decision of the defendant
Missouri Health Facilities Review Commit-
tee (Committee) that the Missouri certifi-
cate of need law, §§ 197.300 to 197.365,[1]
does not apply to a proposed health care
facility that defendant Bethesda Health
Group of St. Louis, Inc. (Bethesda) intends
to build. We affirm.

The certificate of need law vests the
Committee with the responsibility to admin-
ister the law's provisions. § 197.310. The
Committee holds the authority to review
and grant or deny applications for a certifi-
cate of need, *id.*, and to make rules or
regulations to meet the objectives of the
law. § 197.320. The Association is a not-
for-profit Missouri corporation composed of

---

**1.** All sectional references are to Revised Statutes of Missouri, 1986.

operators of Missouri long-term health-care providers. Bethesda is a not-for-profit Missouri corporation.

On March 23, 1987, Bethesda applied for a certificate of need for the construction of a 210–bed nursing home. The Committee recognized the Association as an intervenor in the June 22, 1987, hearing at which it denied Bethesda's application, finding that no need existed for the facility. Bethesda then asked the Committee for an exemption from the requirements of the law because the facility would be built with private funds. Section 197.360 exempts gifts or grants to facilities that do not require the expenditure of public funds from the provisions of §§ 197.300 to 197.365, the certificate of need law. The Committee deferred decision on the exemption to provide Bethesda with an opportunity to document its status under § 197.360.

At the Committee's September 17, 1987, meeting the Association again appeared as an intervenor. The Committee considered a motion to adopt a definition of "gift" within the meaning of § 197.360, as "any gifts of any discretionary nature to the institution." The motion carried by a six-to-one vote. Later, by a four-to-one vote the Committee determined that Bethesda's facility should be exempted from the certificate of need law's requirements.

On October 15, 1987, the plaintiff Association filed in the Cole County circuit court a petition for review of the Committee's decision. The petition alleged that the Committee had failed to follow appropriate rule-making procedures in adopting its definition of "gift" and that it had improperly granted Bethesda an exemption. Bethesda moved to dismiss the petition, alleging that the Association lacks standing in its own right or in its representative capacity and that venue is improper in Cole County.

The court sustained Bethesda's motion, and the plaintiff now appeals.

Under its first point of error the Association argues that its status as an intervenor in the proceedings before the Committee provides it with standing to seek judicial review of those proceedings. Neither of the cases the plaintiff cites for that proposition applies to the instant case. In *State ex rel. Consumers Public Service Co. v. Public Service Commission,* 352 Mo. 905, 180 S.W.2d 40 (1944) (en banc), the court allowed an appeal by an intervenor in the proceedings before the commission. In so doing, however, the court recognized that the statutory scheme made intervenors parties to the hearing. *Id.,* 180 S.W.2d at 46. In *In re Additional Magistrates for St. Louis County,* 580 S.W.2d 288 (Mo.1979) (en banc), the court allowed an appeal by St. Louis County, which had been recognized as an amicus in the proceedings below. There the county had actively participated as a party. The court noted that because the county ultimately would be required to pay the salaries of the new magistrates, it had a statutory right to appear as a party. *Id.* at 295 n. 6.

 The Association's participation in the Committee hearings here, however, did not amount to participation as a party. The certificate of need law provides that "affected persons" should be given notice of impending Committee action and an opportunity to be heard by the Committee. *See* § 197.330.1(2), (3), and (6). Section 197.305(1) includes within its definition of "affected persons," "health care facilities within the service area in which the proposed new health care service is to be developed." Arguably, then, because some of the Association's members fit that definition, the Association is an "affected person." [2]

---

**2.** One of the grounds for dismissal that Bethesda advanced in its motion to dismiss was that the plaintiff could not establish standing as an association. Both defendants concede in their briefs, however, that *Citizens for Rural Preservation, Inc. v. Robinett,* 648 S.W.2d 117, 133 (Mo. App.1982), provides associations the opportunity to establish standing. To do so "(1) the members must have standing to bring suit in their own right, (2) the interests the association seeks to protect must be germane to its purpose; and (3) neither the claim asserted nor the relief requested must require the participation of individual members in the lawsuit." *Id.* For the purposes of this opinion we will assume that the second and third elements are satisfied. The crucial issue is whether the members of the Association have standing in their own right.

The fact that the Association might qualify as an "affected person" does not by itself qualify it as a party in the proceedings before the Committee. Although the statutory scheme for administering the certificate of need law provides for participation by "affected persons," that level of participation does not make an "affected person" a party. The statute provides that only an applicant or the local health systems agency may appeal from the decision of the Committee. *See* § 197.335; *Community Care Centers, Inc. v. Missouri Health Facilities Review Committee*, 735 S.W.2d 13, 14 (Mo.App.1987) (denying competitor health care facility standing to appeal); *PIA Psychiatric Hospitals, Inc. v. Missouri Health Facilities Review Committee*, 724 S.W.2d 524, 525 (Mo.App.1986).

When the Committee recognized the Association as an intervenor, it provided it only with the opportunity to participate as an "affected person." As such the Association was entitled to notice of the Committee's proceedings and decision and an opportunity to present its views to the committee. *See PIA Psychiatric Hospitals, supra,* at 525. Its status as an "affected person" however, did not give it the right to appeal the committee's decision. *Id.* We conclude that the Association's participation as an intervenor did not create standing for it to petition for judicial review of the Committee's decision.

The Association seeks to distinguish the cases holding that competitors cannot challenge a decision to grant a certificate of need to a competitor by arguing that this case does not involve the grant of a certificate. The Committee denied Bethesda's application. Instead, the plaintiff challenges the procedures the Committee followed in construing the statute and its decision that the statute does not apply to Bethesda. The Association argues that by granting Bethesda an exemption, the Committee failed to uphold the purpose of the statute. That decision, the plaintiff argues, carries broader implications than a decision to grant a single certificate of need to a single applicant because it could operate to remove a large number of facilities from the law's coverage.

With that argument the Association places itself in the position of protector of the public interest. If we do not give the Association standing to challenge the Committee's decision to allow parties to escape from the statutes requirements, who will? [3] The plaintiff's concentration on the Committee's actions goes more to the merits of the case than to the Association's right to challenge those actions. Its status as an intervenor only gave the Association the right to appear before the Committee and express its views—an opportunity that the Committee granted and the Association fully exercised. Any further right to participate must be based on a more distinct legal interest. *See HCA Health Services of Midwest, Inc. v. Administrative Hearing Commission*, 702 S.W.2d 884, 890 (Mo. App.1985) (unsuccessful applicant lacked standing to challenge decision to grant certificate of need to a competing institutions because it failed to show that the decision granting the certificate operated prejudicially and directly on the plaintiff's property rights or interests).

■ The plaintiff argues that it is not only an "affected person" under § 197.305(1), but is also an "aggrieved person" under § 536.100 of the Administrative Procedure and Review Act or that it has standing to seek review under § 536.150. Because § 536.100 applies only to contested cases it does not apply here. A contested case is one in which a statute requires an administrative agency to determine the rights of the parties after a hearing. § 536.010(2). Since the Committee is not required to conduct hearings, this is not a contested case. *See Missouri Health Facilities Review Committee v. Administrative Hearing Commission of Missouri*, 700

---

**3.** The answer to this question is, of course, the attorney general. Section 197.315.4 provides that the Committee shall notify the attorney general of any failure by a health care provider to comply with the law. The attorney general may then seek an injunction against the construction or operation of a noncompliant facility. If Bethesda, or any later group exempted under § 197.360, fails to remain privately funded, it will be subject to an injunction.

S.W.2d 445, 450–51 (Mo.1985) (en banc). Therefore, the Committee's decision that Bethesda's proposed facility does not come under the certificate of need law did not arise from a contested case.

Section 536.100 provides a method of review for non-contested cases when the agency action determines the "legal rights, duties or privileges of any person...." The section does not, however, provide standing. To have standing for review under § 536.150 the agency action must directly affect private rights of the party seeking judicial review. *State ex rel. Schneider v. Stewart*, 575 S.W.2d 904, 910 (Mo.App.1978).

The plaintiff alleges that "[t]he facility as proposed would attract persons who would otherwise become residents of nursing homes operated by Petitioner's members and thereby diminish its income causing them pecuniary and economic loss in contravention of their proprietary interests." That interest does not establish standing. A plaintiff has no right to be free from economic competition. *See, e.g., Community Care Centers, Inc. v. Missouri Health Facilities Review Committee*, 735 S.W.2d 13, 16 (Mo.App.1987); *St. Joseph's Hill Infirmary, Inc. v. Mandl*, 682 S.W.2d 821, 824 (Mo.App.1984). Inasmuch as the Committee's decision has affected no legally protectible interest of the Association, the plaintiff has no standing under § 536.150 to challenge that decision.

Bethesda also advanced improper venue as a ground to dismiss the plaintiff's petition, but since we find that the Association lacks standing in this case, we need not reach that issue. Accordingly, we affirm the trial court's decision.

All concur.