**FRENE VALLEY CORPORATION, d/b/a Frene Valley Geriatric Center; Health Care Enterprises, Inc., d/b/a Frene Valley Health Center and Missouri Health Care Association, Appellants,**

v.

**MISSOURI HEALTH FACILITIES REVIEW COMMITTEE, Hermann Hospital District, and Hermann Hospital Care Center, Respondents.**

No. WD 44361.

Missouri Court of Appeals, Western District.

Sept. 10, 1991.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 29, 1991.

Application to Transfer Denied Dec. 17, 1991.

Harvey M. Tettlebaum, J. David Bechtold, Jefferson City, for appellants.

Roxsen E. Koch, Kansas City, for respondents.

Before TURNAGE, P.J., and KENNEDY and BRECKENRIDGE, JJ.

KENNEDY, Judge.

Hermann Area Hospital District, organized under the provisions of Chapter 206 RSMo (1986), operates a public hospital at or near Hermann, Missouri. Acting through its board of directors, and with the aim of establishing and operating a skilled nursing facility, it caused to be formed a separate not-for-profit corporation under the name of Hermann Hospital Care Center. The directors of the Care Center corporation are the same persons as the directors of the Hospital. The administrator of the Care Center is the administrator of the Hospital. The Hospital District does not deny that it proposes, through the medium of the separate but parallel not-for-profit corporation, to establish and operate the skilled nursing facility as an adjunct to the hospital.

The District secured from the Missouri Health Facilities Review Committee a certificate of need approving the construction of a 60–bed skilled nursing facility. The certificate of need has since been transferred to the Care Center corporation, and Care Center has entered into a contract for the construction of the facility. The construction cost is to be financed through the issuance of revenue bonds, which will not be a general obligation of the Hospital District.

The appellants are the owners and operators of two skilled nursing facilities in the Hermann Area Hospital District, and the Missouri Health Care Association, which has among its members some long-term care facilities located in the Hermann Area Hospital District. The skilled nursing facilities have paid, and continue to pay, real and personal property taxes to the hospital district. They filed in the Circuit Court of Cole County a suit for declaratory judgment, injunctive relief and review of administrative action.

On motion of the Hospital District and the Care Center corporation, the petition was dismissed for failure to state a claim upon which relief could be granted. The plaintiffs-appellants have appealed.

■ The Hospital District and the Care Center claim, first, that plaintiffs-appel-

lants have no standing to challenge the actions of the hospital district and of the Missouri Health Facilities Review Committee. We find, however, that the property tax paying skilled-care facilities do have the requisite standing to make this challenge. The Missouri Supreme Court in *Eastern Missouri Laborers Dist. Council v. St. Louis County*, 781 S.W.2d 43, 47 (Mo. banc 1989), held a taxpayer has standing to challenge "a direct expenditure of funds generated through taxation...." The Hospital District admits it spent $69,-282 for a feasibility study for the skilled nursing facility, for financial pro forma, legal services, staffing survey, and site preparation for construction of the nursing facility, and including also the defense of the present lawsuit by appellants. These expenses were paid from a pool of funds the sources of which were hospital revenues and tax revenues. The tax revenues from 1986 to 1990, both inclusive, have been a low of 1.2 percent of the total revenues and a high of five percent. Receipts from the two sources are not segregated.

The Hospital District and the Care Center corporation say the transfer of the certificate of need from the Hospital District to the Care Center corporation has mooted Hospital District's expenditures from tax funds as a ground for appellants' standing. They do not develop that argument nor do they cite any authority for it. The argument is without merit.

Tax revenues contributed to funds from which the nursing facility expenditures were made. Appellants, by virtue of paying real and personal property taxes to the hospital district, have standing to challenge the hospital district's allegedly illegal entry into the skilled nursing care facility business.

■ Turning to the merits, Hospital District and Care Center corporation say that Hospital District is within its powers to build and operate a skilled nursing facility, and the trial court was therefore correct in dismissing plaintiffs' petition. Appellants contend, on the other hand, that hospital district within its statutory charter can operate only a hospital, and that it seeks to go beyond its powers when it undertakes to build and operate a skilled nursing facility.

Appellants, for their position, point out that the hospital district is authorized by Chapter 206, RSMo (1986 and Supp.1990), the Hospital District Law, and that a different set of statutes, sections 198.200–198.360 RSMo (1986), the Nursing Home District Law, authorizes and governs nursing homes. The two laws were enacted in 1963 and closely parallel each other. The Nursing Home District Law specifically includes skilled nursing facilities as defined by section 198.006 and section 198.200.3, RSMo (1986).

From this juxtaposition of statutory systems, plaintiffs discern a legislative intent that a hospital district is strictly confined to the operation of a "hospital", and that, if an area wishes to have a skilled nursing facility with taxing powers it must form a nursing home district for that purpose.

Appellants point out also that the County hospital law allows the county hospital to operate both hospitals, section 205.160 RSMo (1986), and nursing homes, section 205.375 RSMo (1986). They find significant the omission of similar express nursing home authority in the Hospital District Law.

We hold that the Hospital District Law allows the construction and operation of a skilled nursing facility by the Hospital District.

A skilled nursing facility is defined by section 198.006(17), RSMo (Supp.1990). This definition is adopted by section 198.-200.3. The definition is as follows:

> (17) **"Skilled nursing facility"**, any premises, other than a residential care facility I, a residential care facility II, or an intermediate care facility, which is utilized by its owner, operator or manager to provide for twenty-four hour accommodation, board and skilled nursing care and treatment services to at least three residents who are not related within the fourth degree of consanguinity or affinity to the owner, operator or manager of the facility. Skilled nursing care and treatment services are those services commonly performed by or under the

supervision of a registered professional nurse for individuals requiring twenty-four hours a day care by licensed nursing personnel including acts of observation, care and counsel of the aged, ill, injured or infirm, the administration of medications and treatments as prescribed by a licensed physician or dentist, and other nursing functions requiring substantial specialized judgment and skill.

There is no statutory definition for "hospital". The dictionary definition of "hospital" is: "An institution or place where sick or injured persons are given medical or surgical care." *Webster's Third New International Dictionary* 1093 (unabridged 1971). The appellants would like the term defined, in the context of the Hospital District Law, as an acute care hospital. The essential differences between a hospital and a nursing home appears to be the normal length of stay of the patient, and the intensity of treatment. The hospital patient would be transient, while the nursing home patient would be long term. There would normally be more intensive treatment and care in the hospital than in the nursing home. The nursing home could not accommodate major surgical procedures; these would have to be done in the hospital.

The fact is, however, there is a large area where the services of acute care hospital and those of skilled nursing facility overlap and are indistinguishable. Many a patient who goes from acute care hospital to skilled nursing facility would remain in the hospital for some additional length of time if no skilled nursing facility were accessible. For those patients, the services and care given by hospital would be the same as those in the skilled nursing facility. *See State ex rel. Phelps County v. Holman,* 461 S.W.2d 689, 691 (Mo. banc 1971). There is in the "skilled nursing facility" definition of section 198.006(17) no long term stay component. One's stay may be long or short. The traditional notion of a "nursing home" seems to be more nearly comprehended in the "residential care facility I" and "residential care facility II" defined in section 198.006(15) and (16) than in the skilled nursing facility. The construction and operation of a skilled nursing facility by the Hospital District under Chapter 206 does not offend against the legislative intent. The Hospital District Law contains no rigid exclusionary language. On the other hand, the District is empowered to establish and maintain "a hospital and *hospital facilities*" (emphasis supplied) within its corporate limits. There is manifest a legislative purpose to allow some elasticity in the "hospital" concept. Included in "hospital facilities" are "medical office buildings to provide offices for rental to physicians and dentists on the district hospital's medical or dental staff ... including off-street parking space for motor vehicles." Section 206.110.1, RSMo (1986). This indicates that the term "hospital facilities" is not limited to auxiliary services which might be found within its walls (*e.g.,* a pharmacy, laboratory, etc.), but embraces adjunctive services and facilities. Skilled nursing facilities logically fall within those adjunctive facilities. *See State ex rel. Phelps County, supra,* 461 S.W.2d at 691.

Appellants say that if a Hospital District may operate a skilled nursing facility, then a Nursing Home District may operate an acute care hospital. This does not follow. A Nursing Home District may operate only a nursing home, and a nursing home is defined by statute as "a residential care facility I, a residential care facility II, an intermediate care facility, or a skilled nursing facility as defined in section 198.006." Section 198.200.3, RSMo (1986). Each of those facilities is specifically defined.

The judgment of the circuit court is affirmed.