MEDICAL MANAGEMENT OF OSAGE
BEACH, INC., et al., Appellants,

v.

MISSOURI HEALTH FACILITIES RE-
VIEW COMMITTEE, Lake of the
Ozarks Retirement Center, Inc., Respondents.

Nos. WD 50367, WD 50383.

Missouri Court of Appeals,
Western District.

June 6, 1995.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Aug. 1, 1995.

Application to Transfer Denied
Sept. 19, 1995.

Jay A. Summerville and Ann E. Buckley, Armstrong, Teasdale, Schlafly & Davis, St. Louis, for appellants.

Simon B. Buckner, Buckner & Buckner, Jefferson City, for Lake of the Ozarks Retirement Center, Inc.

Jeremiah W. (Jay) Nixon, Atty. Gen., John T. Banjak, Asst. Atty. Gen., Jefferson City, for Missouri Health Facilities.

Before ULRICH, P.J., and
LOWENSTEIN and ELLIS, JJ.

ELLIS, Judge.

This is an appeal from the dismissal for lack of subject matter jurisdiction of two consolidated actions, namely, a petition for declaratory judgment and injunction and a petition for review of a final decision of the Administrative Hearing Commission.

The plaintiffs, Medical Management of Osage Beach ("Medical Management") and National Health Corp., L.P. ("National Health") are the owners and operators of Osage Beach Health Care Center ("Osage Beach HCC"), a 120 bed skilled nursing facility in Osage Beach, Camden County, Missouri. Plaintiff Ozark Care Center, Inc. owns and operates a 60 bed skilled nursing facility, Ozark Care Center, in Osage Beach, Camden County, Missouri.

The defendant, Lake of the Ozarks Retirement Center, Inc. ("LORCI"), is a Missouri corporation which plans to construct a 60 bed skilled nursing facility in Osage Beach, Miller County, Missouri. The proposed site of the new facility is two and a half miles from Osage Beach HCC and four miles from Ozark Care Center.

The Missouri Health Facilities Review Committee is a state agency created by § 197.310 [1] for the purpose of reviewing and approving applications for certificates of need which are required for construction of new health care facilities or services. Section 197.330.1(2) requires the committee to:

> [p]rovide written notification to affected persons and contiguous health systems agencies located within this state at the beginning of a review. This notification may be given through publication of the review schedule in all newspapers of general circulation in the area to be served.

LORCI filed an application with the committee on May 6, 1993 for a certificate of need to build the Osage Beach nursing facility. On May 13, 1993, the committee published notice of the receipt of LORCI's application in a local newspaper, the *Miller County Autogram–Sentinel.* Notice was not published in any other newspapers of general circulation in the area, particularly any in Camden County where Osage Beach HCC and Ozark Care Center are situated. Nevertheless, Robert Lane, Osage Beach HCC's administrator, learned of the pending LORCI project in June. He was alerted to the project not through the newspaper advertisement but by seeing a sign for "Life Care Facilities" in the Ozark Meadows Subdivision around June 24, 1993. On July 22, 1993, he then retained counsel to represent Osage Beach HCC's interest in the matter.

David Means, Ozark Care Center's administrator, learned of LORCI's certificate of need application and proposal to build the nursing facility through Robert Lane on July 19, 1993. Ozark Care Center had not seen the newspaper advertisement nor had they received notice of the application from either LORCI or the committee. However, Ozark Care Center also obtained advice from an attorney.

The committee held a hearing on LORCI's application on August 4, 1993. Osage Beach HCC's attorney appeared at this hearing on behalf of Osage Beach HCC and Lake of the Ozarks General Hospital. At the hearing, she was "given slightly more than three minutes to speak in opposition to LORCI's application," during which she did not object to her clients' lack of notice "because she thought it would be futile" and because she had not had the opportunity to look into the notice dispute. She did not complain in any way that her clients had not had adequate time to prepare. She felt "the limited time allowed [for her to make her presentation] should be used to discuss substantive, rather than procedural, issues." She also did not mention that she was not given sufficient time at the meeting to raise every objection. Ozark Care Center's attorney did not appear

1. All statutory references are to RSMo 1994.

at the committee hearing because he believed it was a "done deal." Means did attend the hearing but made no presentation.

At the conclusion of the August 4 meeting, the committee voted to approve LORCI's application, contingent upon LORCI's non-participation in the state Medicaid program. The committee issued the certificate of need as well as written findings of fact and conclusions of law.

The owners of Osage Beach HCC and Ozark Care Center filed a petition for administrative review with the Administrative Hearing Commission on September 3, 1993. On September 9, they filed a petition in the Cole County Circuit Court against the committee and Lake of the Ozarks Retirement Center for declaratory judgment and injunction, alleging that the committee's failure to give them the statutorily required notice resulted in the deprivation of their right to require the committee to hold a public hearing and otherwise prepare for and participate in the committee's process. They prayed for a judgment declaring the committee's August 4 decision and certificate of need null and void for failure to comply with the statutory notice and hearing procedures. In addition, they prayed for a judgment enjoining the committee and LORCI from taking any further action with respect to LORCI's application for certificate of need until LORCI provided notice of its application to other providers in the service area, until the committee provided the statutorily-prescribed notice to all affected persons and contiguous health systems agencies, until the committee held a full public hearing on receipt of a written request by any affected person within thirty days after the date of notification, and until the committee and LORCI met all other statutory and regulatory prerequisites to the issuance of a certificate of need.

On October 26, 1993, the Administrative Hearing Commission dismissed, for lack of jurisdiction, the plaintiffs' September 3 petition for review. On November 29, 1993, the plaintiffs filed a petition for review of final administrative decision in the Cole County Circuit Court, asking the court to reverse the Administrative Hearing Commission's dismissal of their petition. On plaintiffs' mo-

tion, the circuit court consolidated this petition for review with the September 9 petition for declaratory judgment and injunction.

The circuit court conducted its first hearing on the consolidated action on May 17, 1994. At that time, the plaintiffs called Thomas R. Piper, Director of the Certificate of Need program for the Missouri Department of Health, who also supervises the staff of the Missouri Health Facilities Review Committee and advises the committee on certificate of need applications. He testified as to his experience with the certificate of need application process in general as well as with the process in this specific case. During his testimony, the trial judge interrupted, stating:

> I'm going to solve your problem right now, I'm going to solve your problem right now very quickly.

> I'll give you ten days, sir, to have a public hearing with these two people and these alone, and let them present any materials they want to present. If your decision—if the staff's recommendation is changed as a result thereof, you notify this court and I'll issue an injunction.

The court then ordered the committee to conduct a "public hearing in accordance with Section 197.330 and the committee's Rules, Regulations and practices as they existed in May 1993." The order specified the time and place of the hearing and stated:

> Participation is limited to parties to this action and witnesses on their behalf. Parties may make submissions to [the committee] up to and including Tuesday, May 24, 1994 at 5:00 P.M. Thereafter, the Committee staff shall have no further oral or written input or communication to or from any other parties or their representatives except committee's counsel as to this Certificate of Need Application prior to issuance of staff's written analysis and recommendation to be filed herein on or before Tuesday, May 31, 1994 with service of copies on all counsel.

On May 20, 1994, the committee staff held the court-ordered hearing, following which it again recommended approval of the certificate of need. The trial court then recon-

vened on June 14, 1994. After discovering that the May 20 meeting was conducted by the committee staff and that the staff had never referred its recommendation to the full committee, the court entered another order:

> Hearing resumed and adjourned. The court orders that the application of the Lake of the Ozarks Retirement Center, Inc. for [certificate of need] on Project 1982 be submitted to the Missouri Health Facilities Committee for vote at its next regular meeting. Counsel for [the committee] shall report to the court the action taken by the Committee on Project # 1982. Parties shall be free to submit such evidence and engage in such activities as are customary in such proceedings, consistent with applicable rules, regulations and statutes.

Thereafter, on July 20, 1994, the committee again considered LORCI's application. The parties again presented their arguments to the committee, and the committee again voted to approve the application.

On August 31, 1994, LORCI filed a motion to dismiss for want of subject matter jurisdiction, asserting that any allegedly defective procedures had been remedied and that the plaintiffs had received their public hearing. The plaintiffs responded that the July 20 hearing was a sham that the defects in procedure had not been cured. On October 21, 1994, the circuit court sustained LORCI's motion and dismissed the plaintiffs' action for want of subject matter jurisdiction. This appeal followed.[2]

Appellants raise three points on appeal. In their first point, they contend the trial court erred in dismissing their petition for declaratory judgment and injunction because § 536.150 permits judicial review of the committee's action and because the failure to give them the statutorily required notice of the application deprived them of their right to participate in the information gathering

process, thereby giving them a cause of action against LORCI and the committee. They assert that the attempts by the trial court to "cure" the procedural defects were not contemplated by statute nor were they adequate to restore them to their rights.[3] They further contend the trial court, having initial jurisdiction to provide a remedy, did not lose jurisdiction following the hearings before the staff and committee.

First we address the notice issue. As noted previously, the only notice given was by publication in the *Miller County Autogram–Sentinel.* Neither LORCI nor the committee dispute that Appellants were entitled to notice and that publication in only the one newspaper failed to satisfy that requirement. Thus, the issue is not the adequacy of notice but rather what remedy, if any, the appellants had in this case.

■ No statute expressly provides a competitor affected person such as Appellants the right to an administrative review of the committee's decision to grant a certificate of need to another facility. Section 197.335 provides for review by the Administrative Hearing Commission to the applicant and health systems agency within whose area the new institutional health service is to be offered, but that section "limits the right of appeal to applicants and health systems agencies." *HCA Health Services of Midwest, Inc. v. Administrative Hearing Comm'n,* 702 S.W.2d 884, 887 (Mo.App.1985). Because the appellants are neither applicants nor health systems agencies, they were not entitled to administrative review under § 197.335. Further, because no other statute authorizes the Administrative Hearing Commission to review decisions of the committee, Appellants are not entitled to review by the Administrative Hearing Commission.

Alternatively, Appellants contend that § 536.150 provides a means for judicial re-

---

2. Medical Management, National Health, and Ozark Care Centers, Inc. will hereafter be collectively referred to as "Appellants."

3. First, they claim the court-ordered hearings were a sham because of a voice vote rather than the roll call vote. Second, they claim that because other affected persons did not get notice,

there may have been other parties who would have come forward in opposition to the construction of the new facility. Third, they claim the court's order changed the standard by requiring the appellants to show cause why the original decision to approve the application should be changed.

view in a case such as this. Section 536.150 states:

> When any administrative office or body existing under the constitution or by statute or by municipal charter or ordinance shall have rendered a decision which is not subject to administrative review, determining the legal rights, duties or privileges of any person, including the denial or revocation of a license, and there is no other provision for judicial inquiry into or review of such decision, such decision may be reviewed by suit for injunction, certiorari, mandamus, prohibition or other appropriate action....

Appellants state, and the committee expressly agreed, that no Missouri court has addressed the issue of whether § 536.150, by its terms, provides "affected persons" such as Appellants a means for judicial review on a claim of inadequate notice during the certificate of need process. The committee asserts that its decisions *are* "subject to administrative review" under § 197.335, albeit only at the request of an applicant or health systems agency. Thus, they contend, § 536.150 is not applicable.

On the other hand, it is the appellants' contention that § 536.150 does provide them a means for judicial review. Appellants cite cases holding a competitor affected person has a statutory right to notice and a public hearing[4] and point out that they are not entitled to administrative review under § 197.335, discussed, *supra.* Thus, they contend, they satisfy the conditions of § 536.150 and are therefore entitled to judicial review.

■ We need not decide the issue because, even assuming, *arguendo*, that a competitor affected person is entitled to judicial review where it received inadequate notice and lack of opportunity to request a public hearing, the appellants in this case waived any defect in notice by appearing at the hearing and presenting their position without objecting to the lack of notice.

■ Section 536.060 provides:
Nothing contained in sections 536.060 to 536.095 shall be construed ... (3) to prevent the waiver by the parties (including, in a proper case, the agency) of procedural requirements which would otherwise be necessary before final decision....

Citing that statute, the Missouri Supreme Court recently reiterated the concept that pre-decision procedural requirements in administrative proceedings can be waived if not objected to at the hearing. *Weber v. Firemen's Retirement Sys.*, 872 S.W.2d 477 (Mo. banc 1994). Appellants appeared at the hearing, addressed the committee and contested the merits of their case. Obviously, they did so in an attempt to persuade the committee to reach a decision favorable to them, particularly, a denial of the application. They certainly would have accepted such a favorable resolution. Consequently, any objection they had to notice was waived by their conduct.

Furthermore, Appellants had actual notice of LORCI's proposed project.

> Generally, one having actual notice is not prejudiced by and may not complain of the failure to receive statutory notice. Statutes that impose certain technical requirements for notice should not be strictly enforced where the party seeking enforcement had actual notice and cannot show prejudice as a result of the failure to follow the technical requirements.

*Larabee v. Washington*, 793 S.W.2d 357, 361 (Mo.App.1990) (citation omitted).

■ Although they contend they were prejudiced by the inadequate notice, the record does not support such a contention because even following the additional court-ordered hearings at which Appellants made further presentations, the committee re-

---

**4.** *See West County Care Center, Inc. v. Missouri Health Facilities Review Comm.*, 773 S.W.2d 474, 477–78 (Mo.App.1989) ("The interest the certificate of need law accords to a competitor *affected person* is to be given notice of a review for a new health care service within the area, to invoke a public hearing for the presentation of its views to the licensure committee, and to be informed of the decision. It is that interest—if any at all—of a competitor which the law will protect by extraordinary remedy."). *See also Missouri Health Care Assoc. v. Missouri Health Facilities Review Comm.*, 777 S.W.2d 241, 242 (Mo.App.1989); *St. Joseph's Hill Infirmary v. Mandl*, 682 S.W.2d 821, 823–24 (Mo.App.1984).

peatedly approved LORCI's application. In any event, any defect in notice was waived by their presence and participation in the proceedings before the committee without objection to lack of notice.

It is not necessary for us to determine whether the trial court retained its jurisdiction after ordering the subsequent hearings because we find that due to their waiver by appearance at the August 4, 1993 hearing, Appellants were not entitled to the additional hearings in the first place.

In their second point, Appellants contend the trial court erred in dismissing their petition for lack of jurisdiction because they had standing as taxpayers to seek, and the trial court had jurisdiction to grant, a remedy to prevent the illegal expenditure of state funds and the issuance of a certificate of need without complying with the mandatory statutory notice and public hearing requirements. They assert that the committee has already spent funds in compensating the committee staff for work done after the improper notice and that expenditure of additional taxpayer funds is expected through the State's involvement in licensing and monitoring the progress of the facility and through LORCI's eligibility for cash grant and Medicaid funds.

■ The Missouri Supreme Court enunciated the test for taxpayer standing to challenge alleged illegal spending of public funds in *Eastern Missouri Laborers Dist. Council v. St. Louis County*, 781 S.W.2d 43, 47 (Mo. banc 1989) (overruling the test enunciated in *Brock v. City of St. Louis*, 724 S.W.2d 721 (Mo.App.1987)):

Absent fraud or other compelling circumstances, to have standing a taxpayer must be able to demonstrate a direct expenditure of funds generated through taxation, or an increased levy in taxes, or a pecuniary loss attributable to the challenged transaction of a municipality.

Appellants cite *Frene Valley Corp. v. Missouri Health Facilities Review Comm.*, 818 S.W.2d 665 (Mo.App.1991), for the proposition that they have the requisite standing as

property tax paying skilled care facilities. In *Frene Valley*, we held the competitor skilled care facilities had the requisite standing to challenge the issuance of a certificate of need. *Id.* at 667. However, in that case, the proposed new facility was being built by a hospital district rather than a private party and was being financed through the issuance of revenue bonds. Also, the hospital district had admitted it had spent nearly $70,000 in hospital revenues and tax revenues to conduct feasibility studies, staffing surveys and site preparation for construction. *Id.* This is not the case here. LORCI is a private corporation. The proposed facility will not be funded through revenue bonds or otherwise financed through tax revenues.

Appellants claim that because the mandatory notice was not given, the staff and committee should not have proceeded with the processing and determination of LORCI's application and their doing so resulted in an illegal expenditure of funds. They also claim the future expenditures of funds to review construction plans and monitor the facility are illegal expenditures of taxpayer funds, as are the future cash grant funds and Medicaid funds.

■ We have already determined that LORCI has a valid certificate of need and, therefore, any future funds expended by the state to review and monitor the facility and any cash grant or Medicaid expenditures are legal.[5] Likewise, the funds used by the committee to process and approve the certificate of need were funds properly allocated to the committee for processing such applications. As the resulting certificate of need is valid, the use of funds to process it were not an illegal expenditure of funds.

■ Furthermore, in *Health Services Management, Inc. v. Missouri Health Facilities Review Comm.*, 791 S.W.2d 732 (Mo. App.1990), we said:

Indeed, a taxpayer who alleges that public funds are expended for an illegal purpose describes a private injury sufficient to maintain a declaratory judgment and in-

5. Note that the committee approved LORCI's certificate of need *on the condition that it not*

*participate in the state Medicaid program.*

junction against the illegal action. The private injury that invests standing to a taxpayer, however, is not a purely personal grievance in which other taxpayers have no interest, but an injury shared by the public. The standing to a taxpayer to sue is not to enable a private redress, but to benefit the public.

*Id.* at 735 (citations omitted). Although in *Health Services Management* we decided the issue on other grounds (that the competitors had neither preserved nor briefed the assertion of standing by taxpayer status as a point of error on appeal), we did find that "[t]he tenor of the participation of [the competitor affected persons] was as competitors seeking to avoid competition, and not as vindicators of a larger public interest." Likewise, the tenor of Appellants' participation is as competitors seeking to avoid competition and not as vindicators of a larger public interest. Appellants' second point is denied.

In their third point, Appellants contend, in the alternative to their arguments that they are entitled to judicial review, that they were entitled to administrative review. They assert the trial court erred in dismissing their petition for review of the decision of the Administrative Hearing Commission because the statutes provide and the courts have recognized a competitor affected person's right to participate in the information gathering stage of the certificate of need process, and the General Assembly could not have intended that the committee be free to issue a certificate of need without giving the statutorily required notice.

Appellants cite no authority for this assertion. In fact, they admit that "[n]o statute expressly provides competitor affected persons with a right to appeal to the Administrative Hearing Commission in the event they are deprived of their statutory rights to notice and hearing." They merely claim that the General Assembly must have intended to give them a remedy for the committee's failure to comply with the statutory notice and hearing requirements because those rights, which have been recognized by the courts, are important substantive *rights*. As we have already discussed, *supra*, § 197.335, the only statute authorizing

review by the Administrative Hearing Commission, "limits the right of appeal to applicants and health systems agencies." *HCA Health Services of Midwest, Inc. v. Admin. Hearing Comm'n,* 702 S.W.2d at 887. Because the appellants are neither applicants nor health systems agencies, they were not entitled to administrative review. As the statute clearly does not provide Appellants administrative review, we will not assume the General Assembly intended they have such review. Point denied.

The judgment of the trial court dismissing the plaintiffs' consolidated action is affirmed.

All concur.