**HOME BUILDERS ASSOCIATION OF GREATER ST. LOUIS, INC.,**
**Plaintiff/Appellant,**

v.

**CITY OF WILDWOOD,**
**Defendant/Respondent.**

No. ED 77573.

Missouri Court of Appeals,
Eastern District,
Division Five.

Oct. 17, 2000.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 21, 2000.

Application for Transfer Denied
Dec. 27, 2000.

Hush & Eppenberger, LLC, JoAnn Tracy, Kathryn Koch, St. Louis, for appellant.

Daniel G. Vogel, Michael P. Downey, Stinson, Mag & Fizzell, PC, St. Louis, for respondent.

MARY K. HOFF, Chief Judge.

Home Builders Association of Greater St. Louis, Inc. (HBA) appeals the trial court's Judgment and Order dismissing HBA's petition challenging Ordinance No. 555 enacted by the City of Wildwood (Wildwood) in August 1999 on the ground it violates Section 89.410 RSMo Cum.Supp. 1999,[1] as amended effective August 28, 1999. Specifically, the trial court found HBA lacked standing to pursue its claims because it lacked a "personal stake in the application of" Wildwood's ordinance. We reverse on the grounds HBA has standing to pursue the claims.

In relevant part the statute and ordinance, effective as of August 28, 1999, address requirements for the development of subdivisions, and in particular specify financial security measures, such as escrows and bonds, imposed on those engaged in developing a subdivision. HBA urges the ordinance provisions violate the statutory provisions in several respects. Specifically, HBA seeks declaratory and injunctive relief, as well as an award of reasonable attorney's fees and costs, based on allegations Wildwood was "unlawfully enforcing" the challenged ordinance provisions by requiring post-completion maintenance deposits or escrows, which caused "economic harm" and "irreparable harm" to the HBA "and its constituent members." HBA also requests a declaration that the amended statute applies to escrow amounts paid by HBA's members before August 28, 1999, "as security for the construction and installation of improvements" within Wildwood, and held by Wildwood on that date. HBA alleges Wildwood was not complying with the statutory requirement that such escrow funds be released within thirty days of "completion of each category of improvements or utility work, minus a maximum retention of five percent to be released" when the entire improvement or utility work was finished.

Wildwood moved to dismiss these claims. Wildwood first argued HBA lacked standing to pursue the claims because Section 89.410.4 specifically permits only an "owner or developer" to pursue a civil action, HBA is not an "owner or developer," declaratory relief may not circumvent a statutory remedy, and injunctive relief is not available when there is an adequate remedy at law. Second, Wildwood argued the case was not ripe and no actual controversy existed because HBA failed to allege how and on whom the ordinance had been enforced. Third, Wildwood contended HBA failed to state a claim for relief in that Section 89.410.5 expressly excludes the regulation of maintenance bonds from the requirements of Section 89.410. Finally, Wildwood argued the statute as amended effective August 28, 1999, as well as the retroactive application of the statute sought by HBA, violated the Missouri Constitution.

After hearing argument, taking judicial notice of the file, and considering the exed.

1. All subsequent statutory citations are to RSMo Cum.Supp.1999, unless otherwise not-

hibits, the trial court dismissed the case upon finding "even giving the Declaratory Judgment Act a broad and liberal reading, ... [HBA has] no personal stake in the application of [the ordinance and c]learly ... ha[s] no standing ." This appeal followed.

In its sole point, HBA urges the trial court erred in dismissing the petition because HBA has standing to pursue its claims in a representative capacity in that its members have standing to bring the claims, the interests HBA seeks to protect are germane to HBA's purposes, and no individual member of HBA needs to participate in the litigation.

Wildwood urges the trial court's ruling was correct for three reasons. First, the dismissal was proper because HBA is not an "owner or developer" as specified in Section 89.410.4. Second, there is no case or controversy and the matter is not ripe because there has not been an attempt to enforce the ordinance's maintenance bond requirement. Finally, HBA failed to state a claim upon which relief can be granted in that Section 89.410.5 expressly exempts maintenance guarantees from the provisions of Section 89.410.

■ Our review of whether a litigant has standing to pursue claims is de novo and we do not defer to the trial court's order. *Switzer v. Hart*, 957 S.W.2d 512, 514 (Mo.App. E.D.1997). We consider the petition, along with any other non-contested facts accepted as true by the parties at the time the motion to dismiss was argued. *Id.* We then determine standing as a matter of law on the basis of the undisputed facts. *Id.*

The United States Supreme Court has recognized that an association has standing to bring suit on behalf of its members when: (a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit.

*Hunt v. Washington State Apple Adver. Comm'n*, 432 U.S. 333, 344, 97 S.Ct. 2434, 53 L.Ed.2d 383 (1977). The Missouri Supreme Court uses the same test to ascertain an organization's standing to pursue litigation on behalf of its members. *Missouri Health Care Ass'n v. Attorney General*, 953 S.W.2d 617, 620 (Mo. banc 1997); *Missouri Outdoor Adver. Ass'n, Inc. v. Missouri State Highways and Transp. Comm'n*, 826 S.W.2d 342, 344 (Mo. banc 1992).

■ To satisfy the first element we must decide whether the organization's members may themselves bring an action for declaratory and injunctive relief. *Missouri Health Care Ass'n*, 953 S.W.2d at 620. Specifically, we must ascertain whether there is a justiciable controversy. *Id.*; *Ferguson Police Officers Ass'n v. City of Ferguson*, 670 S.W.2d 921, 924–25 (Mo. App. E.D.1984). "A justiciable controversy exists where the plaintiff has a legally protectable interest at stake, a substantial controversy exists between parties with genuinely adverse interests, and that controversy is ripe for judicial determination." *Missouri Health Care Ass'n*, 953 S.W.2d at 620.

■ We find HBA's developer members have a legally protectable interest in that an interest in doing business free from the constraints of an unlawful ordinance deserves legal protection. See *id.* Here, HBA alleges it is "a not-for-profit Missouri Corporation ... with over 1,100 members comprised of builders, developers, and others associated with the shelter industry in the St. Louis metropolitan area, including ... the count[y] of St. Louis"; and Wildwood is located in St. Louis County. Its members, HBA further alleges, "are directly affected by municipal requirements pertaining to escrow or other deposits securing improvement and utility construction and post-construction maintenance." Through this lawsuit HBA is seeking to protect its developer members' interest in

doing business as subdivision developers free from unlawful financial constraints allegedly set forth in Wildwood's challenged ordinance.

■■■ Furthermore, a substantial controversy exists between the HBA's developer members and Wildwood, who have genuinely adverse interests, and that controversy is ripe for judicial determination. "A ripe controversy exists if the parties' dispute is developed sufficiently to allow the court to make an accurate determination of the facts, to resolve a conflict that is presently existing, and to grant specific relief of a conclusive character." *Missouri Health Care Ass'n*, 953 S.W.2d at 621. Importantly, "[a]n injury need not have occurred prior to bringing a declaratory action" because one of the main purposes of declaratory relief "is to resolve conflicts in legal rights before a loss occurs." *Ferguson Police Officers Ass'n*, 670 S.W.2d at 925. In fact, case law supports a determination a challenge to a city's authority to impose certain regulations may be ripe for judicial determination prior to compliance with the city's regulations. *State ex rel. Whiteco Indus., Inc. v. Bowers*, 965 S.W.2d 203, 206–07 (Mo.App. E.D.1998). Finally, we keep in mind that "[t]he Declaratory Judgment Act is peculiarly suited to interpreting and declaring the validity of statutes [and] ordinances." *Ferguson Police Officers Ass'n*, 670 S.W.2d at 925.

Here, HBA, as representative of its members, seeks a determination whether certain financial requirements for subdivision development set forth in Wildwood's ordinance and implemented by Wildwood prior to amendment of the statute violate the requirements set forth in an amended state statute. Wildwood counters that the challenged ordinance provisions do not violate the statute, which by its terms exempts a city's maintenance bonds from the statute's requirements, and the statute does not apply retroactively to the deposits paid by developers and held by Wildwood on and before August 28, 1999. The challenged ordinance provisions are clearly directed at HBA's developer members and are designed to regulate financially the way those members engage in developing subdivisions within Wildwood. There is no speculation that HBA's developer members are or will be immediately adversely affected by Wildwood's collection of the allegedly improper amounts for subdivision developments within that city. *See Akin v. Director of Revenue*, 934 S.W.2d 295, 298 (Mo. banc 1996). In light of the challenge presented and the present effect of the ordinance's challenged provisions on HBA's developer members, an immediate, concrete dispute exists that can be resolved by a specific conclusive decree. Therefore, HBA's members would have standing to pursue the claims presented in this lawsuit.

Additionally, the interests HBA seeks to protect through this litigation, i.e., its members' business and financial interests in developing subdivisions, are germane to HBA's purpose. The preservation of members' "business opportunities and economic well-being" may be germane to a trade association's purposes so as to confer such an association with standing to pursue a lawsuit on behalf of its members. *Real Estate Bd. v. City of Jennings*, 808 S.W.2d 7, 9 (Mo.App. E.D.1991).

■■ Finally, individual members of the HBA need not participate individually in this litigation to obtain the requested relief. A request for prospective relief usually does not require the participation of an organization's members in the lawsuit, although a request for monetary relief usually does require membership participation. *Ferguson Police Officers Ass'n*, 670 S.W.2d at 925–26. Here, the requests for relief are prospective, and not monetary. A court may decide whether the statute applies to the challenged ordinance provisions and to the amounts on deposit with Wildwood as of August 28, 1999, without each member's presence. Therefore, HBA's members do not need to participate personally in this lawsuit.

Wildwood urges HBA cannot have standing to pursue this litigation because Section 89.410.4 limits those who may pursue a civil action to "[a]ny owner or developer aggrieved by the city's ... failure to" comply with the statute, and HBA is not an "owner or developer." Section 89.410.4 states:

If the city, town or village has not released the escrow funds within thirty days as provided in this section, the city, town or village shall pay the owner or developer in addition to the escrow funds due the owner or developer, interest at the rate of one and one-half percent per month calculated from the expiration of the thirty-day period until the escrow funds have been released. *Any owner or developer aggrieved by the city's, town's or village's failure to observe the requirements of this section may bring a civil action to enforce the provisions of this section.* In any civil action or part of a civil action brought pursuant to this section, the court may award the prevailing party or the city, town or village the amount of all costs attributable to the action, including reasonable attorneys' fees.

(emphasis added). In support of its position that an organization does not have standing to sue when a statute specifies who may bring a lawsuit without explicitly mentioning organizations or associations, Wildwood cites *Missouri Ass'n of Counties v. Wilson*, 3 S.W.3d 772, 776–77 (Mo. banc 1999); *Fort Zumwalt Sch. Dist. v. State*, 896 S.W.2d 918, 921 (Mo. banc 1995); *Sauter v. Schnuck Mkts., Inc.*, 803 S.W.2d 54, 55 (Mo.App. E.D.1990); and *Missouri Health Care Ass'n v. Missouri Health Facilities Review Comm.*, 777 S.W.2d 241 (Mo.App. W.D.1989). We find those cases distinguishable.

In *Missouri Ass'n of Counties, supra*, and *Fort Zumwalt Sch. Dist., supra*, the Missouri Supreme Court held the organizational plaintiffs did not have standing to enforce alleged violations of the Hancock Amendment because they had not alleged they were taxpayers and the Hancock Amendment specified that "any taxpayer" had standing to enforce the Hancock Amendment's provisions. *Missouri Ass'n of Counties*, 3 S.W.3d at 776; *Fort Zumwalt Sch. Dist.*, 896 S.W.2d at 921. In *Missouri Ass'n of Counties*, the plaintiffs were a not-for-profit corporation of Missouri counties, and several Missouri political subdivisions. *Missouri Ass'n of Counties*, 3 S.W.3d at 776. In *Fort Zumwalt Sch. Dist.*, the organizational plaintiff was a Missouri school district. *Fort Zumwalt Sch. Dist.*, 896 S.W.2d at 921.

We do not read these holdings as prohibiting an organization from representing the interests of its members, if the members satisfy a statutory provision enumerating who may pursue litigation. Rather, with respect to organizational standing in those cases, we understand our Supreme Court to require an allegation that a plaintiff falls within any class of person that is statutorily specified as able to pursue litigation. Here, HBA alleges that its members include developers. A developer is one of the statutorily specified "aggrieved" persons able to pursue a civil action for violation of the statute. Therefore, the *Missouri Ass'n of Counties* and *Fort Zumwalt Sch. Dist.* cases are not dispositive of HBA's standing to pursue the present claims.

In *Missouri Health Care Ass'n, supra*, the plaintiff was "a not-for-profit Missouri corporation composed of operators of Missouri long-term health-care providers." *Missouri Health Care Ass'n*, 777 S.W.2d at 242–43. The Western District held that the plaintiff organization did not have the right to appeal a decision by the Missouri Health Facilities Review Committee (Committee) regarding a health care facility's certificate of need. *Id.* at 243–44. The Committee first denied a health care facility's application for a certificate of need to build a 210 bed nursing home. *Id.* at 242. The Committee subsequently decided the health care facility applicant was exempt from the certificate of need requirement.

*Id.* The organizational plaintiff had participated as an intervenor in the proceedings before the Committee, and filed a petition for review of the Committee's decision exempting the applicant from the certificate of need requirement. *Id.* The Western District found the organizational plaintiff did not become a party to the proceedings through its members' statutory "affected person" status, and therefore could not appeal pursuant to a statute limiting appeals to the applicant or the local health systems agency. *Id.* at 243. The court further held the organizational plaintiff did not satisfy the requirements for pursuing review under the Administrative Procedure and Review Act. *Id.* at 243–44.

Despite Wildwood's argument to the contrary, that case does not preclude consideration of an organization's standing to pursue claims on behalf of its members when a statute specifies who may proceed. There is no indication how the Western District would hold if the organizational plaintiff had pursued claims on behalf of applicants or applicants' interests, rather than on behalf of those health care facilities opposed to an applicant. In fact, the court expressly noted with respect to the plaintiff's organizational standing that "[t]he crucial issue is whether the members of the Association have standing in their own right" to pursue the claims. *Id.* at 242 n. 2. Here HBA has clearly alleged its membership includes developers, who are explicitly entitled to pursue claims under the statute, and HBA clearly is pursuing claims supportive of the interests of developers wanting to work on subdivisions within Wildwood.

Moreover, in an earlier case the Western District expressly determined that the same organization, the Missouri Health Care Association, had standing to pursue in its representative capacity a petition for writ of prohibition regarding the Committee's consideration of a certificate of need. *State ex rel. Missouri Health Care Ass'n v. Missouri Health Facilities Review Comm.*, 768 S.W.2d 559, 561–62 (Mo.App. W.D.1988). The Western District en banc subsequently overruled that case to the extent it

> expresse[d] the rationale that the status of competitor affected person suffices per se to invest standing for a writ of prohibition, not only to protect the interest the statute confers on a competitor to present its views to the licensure committee at a public hearing, but also as to any phase of the adjudication of a certificate of need application.

*West County Care Center, Inc. v. Missouri Health Facilities Review Comm.*, 773 S.W.2d 474, 476–77 (Mo.App. W.D.1989). That decision, however, did not overrule the earlier decision to the extent it addressed an organization's standing to pursue claims on behalf of its members when a statute specifies who may litigate a matter.

Finally, the *Sauter, supra*, case is inapposite because it does not address an organizational plaintiff's standing. *Sauter*, 803 S.W.2d at 55. Instead, the court in that case concluded that only a personal representative of a deceased individual, and not that individual's heirs, has standing to bring a survival action. *Id.*

HBA has standing to pursue its claims on behalf of its members. Because this matter is reversed and remanded, we will leave for the trial court's consideration, if appropriate, the other matters raised in Wildwood's motion to dismiss.

Reversed and remanded for further proceedings.

MARY RHODES RUSSELL, J., and ROBERT E. CRIST, S.J., concur.